(No. 28208.—

THE PEOPLE *ex rel.* E. L. McWard, County Collector, Appellee, *vs.* WABASH RAILROAD COMPANY *et al.,* Appellants.

*Opinion filed November 22, 1944.*

HOGAN & COALE, of Taylorville, for appellants.

THOMAS SWEENEY, State's Attorney, (BRENDA SWEENEY, of counsel,) both of Taylorville, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the Wabash Railroad Company, New York Central Railroad Company, and Chicago & Eastern Illinois Railroad Company, from an order of the county court of Christian county dismissing their separate appeals from orders of that court overruling their objec-

tions to taxes. Separate objections were filed by each of the appellants to certain taxes extended against their properties for the year 1941. Separate objections to taxes were also filed by the Chicago & Illinois Midland Railway Company and the Baltimore & Ohio Southwestern Railroad Company.

On January 11, 1944, after a hearing, the court entered separate orders overruling certain objections filed by the five objectors. On January 26, each of the appellants perfected an appeal from the order overruling its objections, by filing a notice of appeal in the trial court. On February 1, notice of appeal was filed by the Chicago & Illinois Midland Railway Company from the order of January 11, overruling the objections of that company. On February 11, the five railroad companies filed, in the trial court, a joint motion to consolidate the five separate cases for the purpose of the appeals from the orders of January 11, 1944. This motion was allowed. On February 25, the Baltimore & Ohio Southwestern Railroad Company filed its notice of appeal from the order of January 11, overruling its objections. On March 14, an order was entered by the trial court extending the time within which the reports of proceedings were to be filed, for a period of forty-five days. No further extension was obtained from this court or a justice thereof, in vacation.

Rule 36 of this court requires that the report of proceedings be filed within fifty days after the appeal has been perfected by filing of the notice of appeal. The notice of appeal of each of the appellants was filed on January 26. Fifty days from January 26 expired on March 16. The forty-five days additional time, as extended, expired on April 30. No report of proceedings was filed by either of the railroad companies until May 5, 1944. This was beyond the time as extended by the order of March 14, 1944, computed from the date on which appellants filed their notices of appeal. Thereafter, appellee

filed a motion to dismiss the appeals of these appellants for the reason that no reports of proceedings were filed by them within the time fixed by Rule 36, as extended. Upon a hearing, the motion was allowed and the appeals were dismissed. This appeal is from the order dismissing the appeals.

Rule 36 further provides that the failure of appellant to file a report of proceedings within the time originally allowed or extended, where the *praecipe* filed by such appellant has specified that any of the proceedings at the trial shall be included in the transcript of the record, shall authorize a dismissal of the appeal. It further provides that an order may be made by the trial court, on the application of the appellee, dismissing the appeal. The *praecipes* in this case did specify that the proceedings at the trial be included in the transcript of the record.

Appellants argue that inasmuch as the appeals of all five of the railroad companies were consolidated by the order of the trial court, entered on February 11, 1944, the time within which the reports of proceedings were to be filed should be computed from February 25, 1944, the date on which the notice of appeal was filed by the Baltimore & Ohio Southwestern Railroad Company. If the time is computed from that date, the report of proceedings was filed in the trial court within the time as extended. If it is computed from the date on which appellants perfected their appeals, which was January 26, the report of proceedings was not filed within the time allowed as extended.

The record indicates that the five cases were heard as separate cases, although they were heard at the same time. A separate record was made and a separate order entered in each case. Separate notices of appeal were filed by each of the five railroad companies. While it is true that on February 11 an order was entered consolidating the five appeals, this did not operate to extend the time for the filing of a report of proceedings by each company beyond

the time fixed by Rule 36. It was necessary, under the rule, for each of the appellants, in order that the proceedings of the trial court relating to its objections become a part of the record, to obtain and file a report of proceedings certified by the trial judge within the time fixed by the rule. Under the rule, the time must be computed from the date on which the appeal is perfected by the filing of the notice of appeal. This requirement was not affected by the order consolidating the appeals. The obligation was still on each appellant to preserve and complete the record on its appeal. The filing of the notice of appeal by the Baltimore & Ohio at a later date did not operate to extend the time for filing the report of proceedings as to appellants, whose appeals were perfected on January 26, 1944.

There is in the record an affidavit of counsel for appellants, filed in opposition to the motion to dismiss. In this affidavit he sets out at length his excuse for not filing the report of proceedings before the expiration of the time as extended. We are not here concerned with the reasons advanced. Such reasons, however plausible they might be, would not constitute an excuse for the failure to comply with the rule. Such matters may only be considered in a different and appropriate proceeding. It is admitted that the report of proceedings was not filed within the time fixed by the rule as extended. That being true, the trial court not only had the right, but it was its duty, to dismiss the appeals.

The order of the county court of Christian county, dismissing the appeals for failure to file the report of proceedings within the time fixed as extended, is affirmed.

*Order affirmed.*