John B. Brenza, County Treasurer for Cook County, Illinois, Plaintiff, v. Green Jordan et al., Defendants. On Appeal of Green Jordan and Amelia Jordan, Appellants.

Gen. No. 46,856.

First District, Second Division.

June 26, 1956.

Released for publication September 11, 1956.

Heber T. Dotson, of Chicago, for appellants.

Joseph Z. Willner, of Chicago, for Herman S. Landfield, defendant-appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This action grew out of an order entered in the Circuit Court of Cook county in a consolidated condemnation proceeding for certain property and a bill of interpleader filed by the county treasurer. An order of distribution was entered on January 20, 1955 by the Circuit Court finding in favor of Herman S. Landfield, hereafter referred to as Landfield, and adversely to

Green and Amelia Jordan, hereafter referred to as Jordans. The Jordans filed a motion for new trial and a petition to vacate the order, which were overruled. They then filed a petition for correction of errors of fact, together with a complaint entitled "Bill of Review for Errors Apparent on the Face of the Record." On June 29, 1955, an answer having been filed by Landfield, the court, after hearing, denied Jordans' motion to correct errors of fact and dismissed the "bill of review" for want of equity.

The Jordans in apt time filed a notice of appeal from the order entered by the court on June 29th, and they filed with the clerk a praecipe for record which, among other things, specified the report of proceedings at the June 29th hearing. Landfield filed a praecipe for additional record requesting that three other hearings be included therein. Within fifty days from the time the Jordans filed their notice of appeal, notice having been given to the Jordans, the court on motion and affidavit of Landfield entered an order giving him leave to present the report of the proceedings, which was marked presented, and continued the certification and approval thereof to September 26, 1955. On August 19, 1955 the fifty days allowed under the rules of court for the Jordans to file their transcript in the trial court expired, and August 29, 1955 was the last day for the Jordans to transmit their record to the Appellate Court. On September 19, 1955 the court entered an order approving Landfield's report of proceedings, which order was dated July 25th, the date on which the report was marked as presented. The report was filed on September 19th.

On September 22, 1955 Landfield made a motion to dismiss the appeal for failure of the Jordans to file a cost bond, and a rule was entered on the Jordans to show cause why they should not file a cost bond, which rule was made returnable October 10, 1955. On September 27th Landfield filed a motion to dismiss the appeal

141

because of the failure of the Jordans to file the record within the prescribed time in the Appellate Court and because of their failure to file the report of proceedings in the trial court, and also filed a motion for an order on the clerk of the trial court not to file the record in the Appellate Court during the pendency of these motions, all of which motions were continued for disposition until October 10, 1955. On October 10th Landfield withdrew his motion for the Jordans to file an appeal bond, for the rule to show cause, and the petition to enjoin the clerk from filing the record in the Appellate Court. No order had been entered on the petition to order the clerk not to file the record. To Landfield's motions to dismiss the appeal answers were filed by the Jordans. On October 10, 1955, after hearing, the court dismissed the appeal of the Jordans by an order which recited as grounds that the Jordans "have failed to file their report of proceedings within the time prescribed by law and have also failed to file their record on appeal with the Clerk of the Appellate Court of Illinois, First District, the said periods required by law for the filing of said report of proceedings and said record on appeal having expired." From this order of the Circuit Court of Cook county this appeal is taken.

The Jordans contend that since a transcript of the hearing which took place on June 29, 1955 had been incorporated in the record of proceedings which was presented by Landfield on July 25, 1955 with leave of court, and since on the same date an order was entered by the court continuing the certification and approval of the report of proceedings to September 26, 1955, they were under no duty to present any further report of proceedings to the trial court and the order of the trial court continuing the certification and approval to September 26th should be interpreted as meaning an extension of time for the Jordans to file their report of proceedings in the trial court. They contend that since the report of proceedings was filed within the extended

time the provisions of the rules of court had been complied with as far as the Jordans are concerned. Under the view we take of the case it is unnecessary to pass on this contention.

The Jordans also strenuously urge that once a notice of appeal is filed the trial court completely loses jurisdiction in the case and that consequently it had no right to dismiss the appeal either for their failure within the proper time to have the report of proceedings certified, approved and filed in the trial court or for their failure within the proper time to transmit and have filed in the Appellate Court the record on appeal. They contend that the order of the trial court of October 10, 1955 dismissing the appeal was a void order.

Rule 36 of the Supreme Court (Ill. Rev. Stat. ch. 110, par. 259.36) and Rule 1 of this court, in force at the time, required that the report of proceedings consisting of the testimony and the rulings of the trial judge and all matters upon which such rulings were made, and other proceedings which the appellant desires to incorporate in the record on appeal, shall be procured by the appellant and submitted to the trial judge for his approval, and filed in the trial court within fifty days. It provides that upon application made before the expiration of the original or extended period allowed by the rule any judge of the court could, on good cause shown, extend the time for filing the same, and the rule also provides that a failure by the appellant to file the report of proceedings within the time originally allowed or extended, where the praecipe filed by the appellant has specified any of the proceedings at the trial, shall authorize a dismissal of the appeal and states that such order may be made by the trial court on the application of the appellee. The rule further provides that the record on appeal shall be transmitted to the reviewing court not more than sixty days after the notice of appeal has been filed, and that in case the trial court has extended the time allowed for filing

143

the report of proceedings then the time in which the record on appeal shall be transmitted to the reviewing court shall be correspondingly extended, and this has been interpreted by the Supreme Court to mean an additional extension of ten days. Finn v. Williams, 376 Ill. 95. The rule also provides that upon failure of the appellant to transmit the record to the reviewing court within such time the trial court may dismiss the appeal.

Section 76 of the Civil Practice Act (Ill. Rev. Stat. ch. 110, par. 200) provides that the appeal is deemed to be perfected when the notice of appeal is filed in the lower court and thereafter it shall not be dismissed without notice, and that when the notice of appeal has been filed the case proceeds in the court of review, not as a new case, but as a continuation of the one that was pending in the trial court and the jurisdiction of the Appellate Court then attaches. This does not mean that the trial court is then divested from entering any and all orders with reference to the case. Under the rules of the Supreme Court it is the duty of the trial court to enter certain orders with reference to the carrying forward of the appeal and to dismiss the appeal in case of failure of the appellant to comply with the rules. The Jordans contend that when the jurisdiction of the Appellate Court attaches the trial court has no right to enter any orders whatsoever. If that were true, it would negative most of the provisions of Rule 36. The provisions of the Practice Act and Rule 36 of the Supreme Court, when considered together and properly applied, make for a speedy and final determination of the case according to the substantive rights of the parties. Francke v. Eadie, 373 Ill. 500, 503. It has been held that when the appellant has failed to file the report of proceedings in the trial court within the time fixed by the rule, the trial court has not only the right but the duty to dismiss the appeal. People v. Wabash R. Co., 388 Ill. 312.

Even if it were assumed that the Jordans were correct in their contention that they could take advantage of the order entered by the trial court on motion of Landfield on July 25th continuing to September 26th the certification and approval of the report of proceedings presented by him, which included a transcript of the hearing of June 29, 1955, and if it could further be assumed that the order of July 25th was an order which extended for the benefit of the Jordans the time to file the report of proceedings in the trial court to September 26th and that approval of it by the court and the filing of it by Landfield could be considered as absolving the Jordans from the requirement of filing a report of proceedings in the trial court, it would also be necessary to hold that the time for filing the record in the Appellate Court was by the order of July 25th automatically extended for ten days beyond the time therein allowed for filing the report of proceedings in the trial court, or until October 6, 1955. No record on or before that date, or at any other time, was transmitted to or filed in the Appellate Court, nor did the Jordans in compliance with the Supreme Court rules try to have the time extended. The trial court entered its order on October 10th dismissing the appeal on that ground as well as because of the failure of the Jordans to file a report of proceedings in the trial court within the proper time. It is only necessary for us to consider whether the trial court properly dismissed the appeal on the former ground. Counsel's contention that the trial court had been divested of jurisdiction and had no power to dismiss the appeal cannot be given any weight in view of the fact that the Supreme Court rules specifically and categorically state that it has such jurisdiction and right. Under the circumstances before it the trial court had not only the right but the duty to dismiss the appeal.

145

In their brief the Jordans state that their failure to file the record in the Appellate Court was caused by the dilatory tactics of Landfield. No affidavit was filed by them nor does anything appear in the record to support that contention.

The order of the Circuit Court of Cook county dismissing the appeal is affirmed.

Order affirmed.

ROBSON and SCHWARTZ, JJ., concur.