(No. 34295.—

*In re* ESTATE OF THOMAS P. MEIRINK.—(ROSELLA C. WILBRET, Guardian, Appellee, *vs.* E. A. OBERING, Intervenor, Appellant.)

*Opinion filed May 23, 1957—Rehearing denied September 16, 1957.*

CRAIG & CRAIG, of Mt. Vernon, for appellant.

WILLIAM W. WARRAN, and ELDON E. HAZLET, guardian *ad litem,* both of Carlyle, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This direct appeal, involving a freehold, is from an order entered in a guardianship proceeding by the county court of Clinton County denying a motion by appellant, E. A. Obering, to set aside a sale of the right to drill for oil and gas in land owned by the minor. Under the view we take, neither the facts nor merits of the controversy need be considered because of appellant's failure to file the record on appeal within the time required by the rules of this court. When such a breach occurs the direction of subparagraph (2)(g) of Rule 36 is: "The reviewing court shall dismiss the appeal if the record on appeal is not filed in proper time." Ill. Rev. Stat. 1955, chap. 110, par. 101.36.

Notice of appeal was filed with the clerk of the trial court on September 17, 1956, within the prescribed time. Thus under the provisions of subparagraph (2)(d) of Rule 36, which provide that the record on appeal shall be filed in the reviewing court on or before 60 days after notice of appeal, appellant should have filed his record in this court on or before November 17, 1956. It was not filed, however, until December 5, 1956, and unless it can be said appellant properly received an extension of time, we have no choice other than to dismiss the appeal. Cf. *McDonald* v. *McDonald,* 351 Ill. App. 432; *People for use of Tindall* v. *London & Lancashire Indemnity Com-*

*pany of America,* 295 Ill. App. 581 ; *People ex rel. McWard*
v. *Wabash Railroad Co.* 388 Ill. 312.

Subparagraph (2)(e) of Rule 36 provides that further
time within which to file the record on appeal may be
granted by the reviewing court or any judge thereof in
vacation, upon motion and affidavit showing good cause
and due diligence. Appellant did not avail himself of such
process. Further provisions of Rule 36 are that the report
of proceedings at the trial shall be duly certified and filed
in the trial court within 50 days after notice of appeal is
filed, (par. (1)(c),) that a judge of the trial court is
authorized to extend the time for filing such report not to
exceed a period of 45 days, (par. (1)(c),) and that if
the time for filing the report of proceedings is extended,
the time within which the record on appeal must be filed
is, without the necessity of an order, extended 10 days be-
yond the extended time for filing the report of proceedings.
(Par. (2)(d).) See also: *Finn* v. *Williams,* 376 Ill. 95;
*Continental Paper Grading Co.* v. *Howard T. Fisher &
Associates, Inc.,* 1 Ill.2d 37.

In the present case the trial court, on motion of appel-
lant, entered an order dated October 30, 1956, which was
captioned "Order for Extension of Time for Filing Record
on Appeal" and which purported to extend the time for
filing "the record on appeal and the report of proceedings
in this cause" for 30 days from November 7, 1956. We
are of the opinion, however, that such order was ineffective
to extend the time for filing the record as contemplated by
subparagraph (2)(d) of Rule 36. No report of proceed-
ings was requested by appellant in his *praecipe* or supple-
mental *praecipe* for record, and no report of proceedings
duly certified by a judge of the trial court has ever been
filed. Under such circumstances the only effect of the order
entered by the trial court was to extend the time in which
to file the record on appeal in this court, a power reserved
to the reviewing court by subparagraph (2)(e). To hold

otherwise, and to hold that an extension of time within which to file a report of proceedings is effective even though no report of proceedings is requested or intended to be presented, would be to create a simple device by which all litigants could circumvent the requirement that the record be filed in the reviewing court on or before 60 days after notice of appeal is filed. In principle the problem is no different from that presented in *Meyer* v. *Meyer*, 409 Ill. 316, where we held that an appellant could not extend the period permitted for filing the record on appeal by specifying a report·of proceedings in a *praecipe* when such report was not necessary or proper.

It has long been held that the rules of this court, when established, have the force of law and are binding on the court as well as the litigant, and that where there is a failure to comply with them the appeal will not be entertained. (*Harris* v. *Annunzio*, 411 Ill. 124; *Biggs* v. *Spader*, 411 Ill. 42; *Gyure* v. *Sloan Valve Co.* 367 Ill. 489.) Accordingly the appeal is dismissed for appellant's failure to file the record. on appeal within the required time.

*Appeal dismissed.*