Mt. Vernon Girl Scout Council, a Not for Profit Corporation, Plaintiff-Appellee, v. Girl Scouts of United States of America, a Not for Profit Corporation, and Shagbark Girl Scout Council, a Not for Profit Corporation, Defendants-Appellants.
Mt. Vernon Girl Scout Council, a Not for Profit Corporation, Plaintiff-Appellant, v. Girl Scouts of United States of America, a Not for Profit Corporation, and Shagbark Girl Scout Council, a Not for Profit Corporation, Defendants-Appellees.

Gen. Nos. 64–42, 64–26.

Fifth District.

February 23, 1965.

Supplemental Opinion, March 26, 1965.

Rehearing denied March 26, 1965.

Breed, Abbott & Morgan, of New York, Richard O. Hart, of Benton, and Jay B. Stringer, of Mt. Vernon (Thornton C. Land and Thomas W. Kelly, both of New York, Richard O. Hart and Jay B. Stringer, of Counsel), for appellants.

Craig & Craig, of Mt. Vernon (Howard W. Campbell, David E. Furnall, and Ronald W. Polston, of counsel), for appellee.

GOLDENHERSH, J.

The defendants, Girl Scouts of United States of America and Shagbark Girl Scout Council, appeal from the decree of the Circuit Court of Jefferson County entered on December 24, 1963, wherein the court ordered the issuance of a writ of injunction restraining and enjoining the defendants from the commission of certain acts, and the issuance of a writ of mandamus directing the defendants to perform certain other acts. This appeal was filed in this court and assigned docket number 64–26. The plaintiff appeals from an order of the Circuit Court, entered on May 19, 1964, denying its motion to dismiss defendants' appeal. This latter appeal was filed in this court and assigned docket number 64–42. The two appeals were consolidated and were thereafter considered as one proceeding. A proper understanding of the issues here presented requires a review, in chronological order, of what transpired subsequent to the entry of the decree above described.

Defendants filed their notice of appeal, together with proof of service, on January 4, 1964. On January 29, 1964, on motion of defendants, the Circuit Court entered its order extending the time for filing the report of proceedings forty-five days from March 13, 1964. On April 20, 1964, no record having been filed in this court, plaintiff filed a motion in the Circuit Court praying dismissal of the appeal on the ground that the Circuit Court had no authority to extend the time for filing the report of proceedings beyond April 8, 1964, and the order entered on January 29, 1964, which resulted in extending such time to April 27, 1964, was void. Thereafter, on April 22, 1964, two days after the motion was filed in the Circuit Court, defendants filed in this court the record on appeal, including the report of proceedings. The trial court heard arguments on plaintiff's motion on April 28, 1964, and on May 19,

1964, entered its order wherein it found that upon the record on appeal being filed in this court, the trial court lost jurisdiction to dismiss the appeal, and denied plaintiff's motion.

Rule 1(2)(d) of the Uniform Illinois Appellate Court Rules, and Rule 36(2)(d) of the Supreme Court Rules provide:

> "Time for filing record on appeal. The record on appeal shall be filed in this court not more than 60 days after notice of appeal has been filed. If the time for filing the report of proceedings is extended, the time within which the record on appeal must be filed is without the necessity of an order extended 10 days beyond the extended time for filing the report of proceedings."

Rule 1(1)(c) of the Uniform Illinois Appellate Court Rules and Rule 36(1)(c) of the Supreme Court Rules provide that the report of proceedings must be submitted to the trial judge for his certificate of correctness, and filed, duly certified, in the trial court, within 50 days after the notice of appeal shall have been filed. The rules further provide that upon application made before the expiration of the 50-day period or an extension thereof, on good cause shown, the trial court may extend the time for filing the report of proceedings, subject to the limitation that the extensions of time granted in the trial court shall not exceed, in the aggregate, a period of 45 days from the last day fixed by the rule for such filing, i. e., 50 days after the notice of appeal shall have been filed. Further extensions of time may be granted only by the reviewing court or a judge thereof, upon application made before the expiration of the extended period granted by the judge of the trial court. No application for extension of time was made to this court.

445

Applying the above rules to the situation at hand, the 50 days within which the report of proceedings must be filed, expired on February 23, 1964. Adding the maximum period of extension which the trial court could grant, the last day for filing the report of proceedings in the trial court was April 8, 1964. Under the applicable rule, the last day for filing the record on appeal in this court was April 18, 1964, Rule 1(2)(d) Appellate Court Rules, Rule 36(2)(d) Supreme Court Rules. The record reflects two certifications by the trial judge, one undated, and one dated February 25, 1964. The record on appeal is contained in three binders. The face sheet of one binder bears the Circuit Clerk's file mark dated April 8, 1964, the other two are file marked February 27, 1964, and April 15, 1964. The discrepancy in dates is not explained, however, in defendants' objections to plaintiff's motion to dismiss, defendants stated that the report of proceedings was filed in the Circuit Court on April 15, 1964.

Plaintiff contends that the order entered by the Circuit Court extending the time for filing the report of proceedings 45 days from March 13, 1964, was a nullity insofar as it purported to extend such filing time beyond April 8, 1964. Defendants contend that plaintiff, through its attorneys consented to the entry of the order and that this constitutes a waiver of any defect which may have existed in the procedure followed by defendants. This argument is predicated on the fact that prior to the entry of the trial court's order, one of defendants' attorneys spoke with one of plaintiff's attorneys by phone, at which time plaintiff's attorney stated that plaintiff's counsel had no objection to the entry of the order. Plaintiff's counsel's version of the conversation is that he had no objection to defendants' taking the full 45 day extension permitted under the Rules, that he had not, nor was it incumbent upon him so to do, checked the dates

to determine when the maximum extended period would terminate.

The Supreme Court, in In re Estate of Meirink, 11 Ill2d 561, 144 NE2d 591 in discussing its Rule 36(2) (d) said: "It has long been held that the rules of this court, when established, have the force of law and are binding on the court as well as the litigant, and that where there is a failure to comply with them the appeal will not be entertained."

In Williamson v. Williamson, 11 Ill App2d 572, 138 NE2d 80, the trial court entered an order extending the time for filing the report of proceedings to May 7. The Appellate Court held that since the notice of appeal was filed on January 30, the trial court had no authority to extend the time for filing the report of proceedings beyond May 4, and the Circuit Court order was void and of no effect.

Since April 8, 1964, was the last date on which the report of proceedings could be timely filed in the trial court, the last date for timely filing of the record on appeal in this court was April 18, 1964. Rule 36(2) (g) of the Supreme Court Rules Provides:

> "Dismissal of appeal by reviewing court. After a short record or a record on appeal is filed in the reviewing court, only that court may dismiss the appeal. The reviewing court shall dismiss the appeal if the record on appeal is not filed in proper time."

Rule 1(2) (g) of this Court provides:

> "Dismissal of appeal by this court. After a short record or a record on appeal is filed in this court, only this court may dismiss the appeal. This court shall dismiss the appeal if the record on appeal is not filed in proper time."

447

The rules state explicitly and unequivocally that failure to timely file the record requires dismissal of the appeal. They are equally explicit and unequivocal to the effect that once the record of appeal is filed in the reviewing court, only the reviewing court may dismiss the appeal. In view of the fact that the record on appeal was filed in this court prior to the Circuit Court hearing on plaintiff's motion to dismiss, the trial court properly held that it was without jurisdiction to dismiss the appeal. Since the record on appeal was filed in this court subsequent to April 18, 1964, it was not timely filed and the appeal is, therefore, dismissed.

Appeal dismissed.

EBERSPACHER, P. J. and MORAN, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF PETITION
FOR REHEARING

Defendants, in a petition for rehearing, point out that on May 27, 1964, this court denied a motion to dismiss and urge that having done so at that time, it could not thereafter consider the matter. In the case of Cosgrove v. New York, C. & St. L. Ry. Co., 11 Ill App2d 574, 138 NE2d 112, a motion to dismiss was presented to one of the judges of the Appellate Court for the then Fourth, now Fifth, District, at a time when the court was not in session. Based upon the information before him, he denied the motion. Upon briefs being filed, and the entire trial court record examined, the court dismissed the appeal.

In the instant case, this court has now had the benefit of the briefs and arguments of the parties, and the opportunity to review the entire trial court record. We have considered the cases cited in the petition for

rehearing and defendants' suggestions in support of their contentions. We find nothing therein which would justify the reversal of the position taken in our opinion.