**Robert T. Fielding, Plaintiff-Appellant, v. Margaret F. Fielding, Defendant-Appellee.**

**Gen. No. 64–70.**

Third District.

March 26, 1965.

Berry & Simmons, of Rockford, for appellant.

Stewart R. Winstein, of Rock Island, for appellee.

ALLOY, P. J.

In this cause before us on an appeal by Robert T. Fielding, appellee Margaret F. Fielding has filed a motion to dismiss the appeal; to strike the report of proceedings filed in the appellate court; to strike the record on appeal filed in the appellate court; and to strike the abstract of record and statement, brief and argument filed by the appellant in this court, on the ground that in each and all cases the filing of such documents was not within the time prescribed by rules or within any order extending the time for filing of said documents.

We shall concern ourselves basically with the question of the filing of the report of proceedings in this cause. It is apparent from the record that the notice of appeal was filed in the Circuit Court of Whiteside County on the 17th day of July, 1964. An amended notice of appeal was filed on August 28, 1964, and the report of proceedings was filed in the trial court on October 2, 1964. No extension of time in which to file the report of proceedings was ever granted by the trial court. The record on appeal was filed on October 28, 1964. The abstract of record and brief of plaintiff-appellant was filed on November 28, 1964.

By the provisions of Supreme Court Rule 33 (Ill Rev Stats c 110, § 101.33), amendments relate back to the time of filing of the notice of appeal. Notice of appeal was filed July 17, 1964. The 50 days following notice of appeal within which the report of proceedings should have been filed under Uniform Appellate Court Rules (c 110, § 201.1(1)(c)) expired September 5, 1964.

██ It is obvious that a report of proceedings is essential to determination of the matters sought to be reviewed on appeal. The situation with which we are confronted is not uncommon in the appellate courts and when raised by motion to dismiss appeal, have uniformly resulted in dismissal of appeal. The rule has been invoked even where an attempt for a further extension was made in the trial court (Hambley v. Conroy, 11 Ill App2d 568, 138 NE2d 64; Williamson v. Williamson, 11 Ill App2d 572, 138 NE2d 80; Metropolitan Life Ins. Co. v. Shattas, 298 Ill App 336, 18 NE 2d 560). As was indicated in said cases there are many avenues open to counsel to obtain extensions of time to procure report of proceedings. Applications for extension, however, must be filed in timely fashion, and the report of proceedings should be filed in accordance with rules.

■ As indicated in the case of Hambley v. Conroy, supra, the rule must either be applied or abolished. If the rule is not applied in a case such as is now before us, then it is pointless to justify the application of the rule in any case. The rules relating to appellate procedure prescribe the time within which certain acts are to be performed including filing of report of proceedings. Ample provision has been made for extensions of time to protect litigants. Adherence to such rules cannot be made selective and when motion to dismiss the appeal is properly made and no basis for denial of the motion can be found, we are required to dismiss the appeal. It becomes necessary, therefore, to grant the motion to dismiss the appeal in this cause, which is, accordingly dismissed.

Appeal dismissed.

STOUDER and CORYN, JJ., concur.

Berry & Simmons, of Rockford, for appellant; Stewart R. Winstein, of Rockford, for appellee. Opinion by PRESIDING JUSTICE ALLOY. **Not to be published in full.**