WILLIAM J. SHIVE, Plaintiff-Appellant, *v.* PHYLLIS SHIVE, Defendant-Appellee.

(No. 70-53; ▮)

Fifth District—October 29, 1970.

William T. Davies, of Elgin, for appellant.

Sam S. Pessin, of Belleville, for appellee.

PER CURIAM:

A final decree was entered on September 18, 1969 in the Circuit Court of St. Clair County granting defendant-counterplaintiff Phyllis Shive a

divorce and making certain property dispositions, and on October 17, 1969 plaintiff-counter-defendant William J. Shive filed a notice of appeal. Thereafter plaintiff made a motion for an extension of time in which to file the report of proceedings which was granted on December 4, 1969, extending the time 42 days from December 5, 1969 to January 16, 1970. On January 14, 1970 plaintiff filed a motion to amend his notice of appeal and for an additional extension of 60 days to file the report of proceedings to and including March 17, 1970, which was granted on February 4. On March 9, pursuant to motion of defendant, the trial court dismissed plaintiff's appeal for failure to comply with Illinois Supreme Court Rules 303, 309, 323 and 326 and plaintiff appealed.

■■ The report of proceedings must be filed in the trial court within 49 days after the filing of the notice of appeal. (Supreme Court Rule 323(b).) The trial court may extend this time for filing for a period not to exceed 42 days, but further extensions may be granted only by the reviewing court. (Supreme Court Rule 323(e).) Since no motion was made in the reviewing court to extend the time for filing the report of proceedings, it should have been filed before January 16, 1970, 91 days after the filing of the notice of appeal, and the trial court's order of February 4, 1970 granting 60 days extension of time in which to file the report of proceedings was without authority and therefore ineffective. (Supreme Court Rule 323(e).) When the appellant fails to file the report of proceedings in the trial court within the extended time as fixed by the rule, the trial court has not only the right but the duty to dismiss the appeal. (*People ex rel. McWard v. Wabash R.R.*, 388 Ill. 312.) Our Supreme Court has also held "that the rules of this court, when established, have the force of law and are binding on the court as well as the litigant, and that where there is a failure to comply with them, the appeal will not be entertained." (*In re Estate of Meirink*, 11 Ill.2d 561 at 564.) Accordingly, the order of the trial court dismissing plaintiff's appeal is affirmed.

Order affirmed.