SWIFT AGRICULTURAL CHEMICALS CORP., Plaintiff-Appellee, *v.* W. J. MARTEN, Defendant-Appellant.

(No. 71-188; ▮▮▮▮▮▮)

Fifth District—March 2, 1972.

Frank H. Schniederjon, of Effingham, for appellant.

Craig & Craig, of Mt. Vernon, (David A. Campbell, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals judgment rendered in favor of plaintiff after a trial before the court sitting without a jury contending the evidence is insufficient to show his liability to the plaintiff.

Although briefs have been filed by both parties we do not reach the merits of the appeal. At the time of filing its brief the appellee also filed a motion to dismiss the appeal for the appellant's failure to timely file the record as required by Supreme Court Rule 326 (Ill. Rev. Stat., ch. 110A, par. 326). Under that rule the allowable time for filing the record expired on July 28, 1971, but the record was not filed until August 3, 1971. Accordingly, the appeal must be dismissed. *Mt. Vernon Girl Scout Council v. Girl Scouts of America,* 55 Ill.App.2d 443, 205 N.E.2d 474.

In his objections to the motion to dismiss the appeal the appellant contends that the failure to file the record in due time was the fault of the clerk of the trial court and not that of the defendant. While it is true that Supreme Court Rule 326 places the obligation of filing the record upon the clerk of the trial court it is nevertheless incumbent upon the appellant to see to the preparation and forwarding of the record in the course of his appeal. Further, Supreme Court Rule 325 provides that at the request of either party the clerk of the trial court shall deliver to the appellant a certificate that the record has been prepared and certified in the form required for transmission to the reviewing court. The appellant apparently did not ask for such certificate although by so doing he would have been thereby notified that the record was ready for transmission or, upon failure to receive the certificate from the clerk in apt time, he would have been alerted to the failure to file the record and could have taken proper steps to have the time extended.

Appeal dismissed.

EBERSPACHER, P. J., and G. MORAN, J., concur.