*In re* ESTATE OF WAYNE I. MILLS, Deceased.
(No. 75-6; ▮▮▮▮▮▮
Fifth District—October 28, 1975.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

John W. Kelsey and H. Carl Runge, Jr., both of Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis, for appellant.

Douglas Marti, of Greenville, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal by the executrix of the estate of Wayne I. Mills from the order of the trial court dismissing a previously filed appeal for failure of appellant to timely file the record. The only issue presented is whether the trial court erred in dismissing the appeal.

On June 27, 1974, the trial court ordered the executrix of the estate of Wayne I. Mills to pay $3,491 from the estate to the First National Bank of Greenville, Illinois. On July 29, 1974, a notice of appeal from this order was filed by the executrix. On November 7, 1974, 101 days after the notice of appeal had been filed, the First National Bank of Greenville filed in the trial court a motion to dismiss the appeal pursuant to Supreme Court Rule 309(3) (Ill. Rev. Stat. 1973, ch. 110A, § 309(3)). In support of the motion the First National Bank pointed out that more than 35 days had passed after the expiration of the time set for filing the record in the reviewing court and that neither the record nor a motion for an extension of time to file the record had been filed. On November 15, 1974, the trial court granted the motion to dismiss the appeal. From the dismissal this appeal has been brought.

Before beginning our discussion of this case we wish to point out that in both the brief for the appellant and the brief for the appellees citations were made to abstract opinions of the courts of this State. Neither side, however, included in its brief a copy of the abstract opinions cited. We therefore remind these parties and all other parties who come before this court that Rule 8 of the Uniform Appellate Rules (Ill. Rev. Stat., ch. 110A § 908), provides:

"The opinions of the Illinois Appellate Court which have been published in abstract form only, shall not be cited in the briefs of litigants unless the entire text of said abstract opinion is appended to the brief."

This unambiguous Rule is for the convenience of the court as well as that of the opposing party and should be complied with.

Supreme Court Rule 326 (Ill. Rev. Stat. 1973, ch. 110A, § 326) provides that the record on appeal should be filed in the reviewing court within 63 days after the notice of appeal has been filed or within 14 days after the expiration of an extension of time granted for filing the report of proceedings. Also under Rule 326 the reviewing court or a judge thereof can grant extensions of time for filing the record on appeal, upon proper motion made either within the original or extended time for filing the record or within 35 days thereafter if reasonable excuse is shown.

Supreme Court Rule 309(3) (Ill. Rev. Stat. 1973, ch. 110A, § 309(3)) provides:

"Before a case is docketed in the reviewing court, the trial court may dismiss the appeal of any party * * * (3) if 35 days have passed after the expiration of the original or extended time to file the record in the reviewing court and no motion for extension of time has been filed in that court."

Supreme Court Rule 309 is based on former Supreme Court Rule 36(1) (e) (Ill. Rev. Stat. 1965, ch. 110, § 101.36(1)(e)), which was interpreted as imposing upon the trial court a *duty* to dismiss an appeal, upon proper motion, when the record on appeal has not been timely filed. (*Brenza v. Jordan*, 11 Ill.App.2d 140, 136 N.E.2d 571.) We know of no compelling reason for interpreting the present Rule 309 differently from former Rule 36(1)(e). This court has held that Rule 309 *requires* the trial court to dismiss an appeal when the report of proceedings has not been filed within the allowable time. *Shive v. Shive*, 130 Ill.App.2d 811, 263 N.E.2d 713.

"When the appellant fails to file the report of proceedings in the trial court within the extended time as fixed by the rule, the trial court has not only the right but the duty to dismiss the appeal." *Shive v. Shive*, 130 Ill.App.2d 811, 812.

We agree with the statement set forth in the second paragraph of the Historical and Practice Notes (Ill. Ann. Stat. ch. 110A, § 309 (Smith-Hurd 1968):

"The rule is for the convenience of the parties. *Dismissal under any of the three circumstances stated is automatic,* and the authority to dismiss is therefore placed in the trial court so an order of dismissal can be conveniently obtained." (Emphasis added.)

We do not agree, on the other hand, with appellant's suggestion that *Haizen v. Yellow Cab Co.*, 41 Ill.App.2d 330, 190 N.E.2d 514, or *Department of Public Works & Buildings v. Bartz*, 6 Ill.App.3d 160, 285 N.E.2d 261, may require a different result in this case. In *Haizen* the plaintiff filed numerous motions for extensions of time to file the report of proceedings. Finally plaintiff had to resort to filing a bystander's report in lieu of the report of proceedings. The court held that since the bystander's report was filed *within the extended time limit* the appeal could properly be maintained.

In *Bartz* the court allowed appellant to maintain the appeal despite the fact that its brief and abstract were not timely filed. The court pointed out that Supreme Court Rule 343 (Ill. Rev. Stat., ch. 110A, § 343) gives the court the discretionary power to entertain an appeal, despite the late filing of briefs and abstract, if dismissing the appeal would be too strict and unnecessary. That the court has such discretion is readily apparent from the fact that Rule 343 had been changed specifically because it was felt automatic dismissal for late filing of briefs and abstract was a remedy much too drastic. (See Committee Comments, Ill. Ann. Stat. ch. 110A, § 343 (Smith-Hurd 1968).) We should also point out that under Rule 343 the reviewing court or a judge thereof can *sua sponte* extend the time for filing briefs. In contrast, Rule 309 has undergone no comparable change. Furthermore, neither the reviewing court nor the trial court have the authority to *sua sponte* extend the time allowed for filing the record on appeal.

In the instant case the motion to dismiss for failure to file the record on appeal was made 101 days after the notice of appeal had been filed. This was 3 days after the 35-day "safety valve" period provided in Supreme Court Rule 326. The motion to dismiss was granted 8 days later. During all of that time appellant neither filed the record nor filed a motion for an extension of time to file the record. The action of the trial court in dismissing the appeal was entirely proper and is, therefore, affirmed.

Affirmed.

EBERSPACHER and G. MORAN, JJ., concur.