NORMAN NICAISSE, Plaintiff-Appellee, *v.* JOE PLEMMONS, Defendant-Appellant.

Second District (1st Division)    No. 75-110

Opinion filed March 31, 1976.

Herbert Hill, of Aurora, for appellant.

Roy Safanda, of Dowling & Safanda, of St. Charles, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:
Defendant has appealed the judgment entered on a jury verdict of $1250 in a trial for an assault committed upon the person of the plaintiff.

Although briefs have been filed by both parties, we do not reach the merits of the appeal. The plaintiff has filed a motion to dismiss the appeal which we have ordered taken with the case. The basis of this motion is the appellant's failure to timely file the report of proceedings and to timely file the record on appeal under the provisions of Supreme Court Rules 323 and 326 respectively. Ill. Rev. Stat. 1973, ch. 110A, pars. 323 and 326.

Plaintiff has agreed that the notice of appeal herein was filed on December 16, 1974, although the same does not appear in the record. No praecipe is found in the record as well.

We consider first the issue relative to the filing of the report of proceedings, pursuant to Supreme Court Rule 323 (b) and (e). That rule provides that the report of proceedings shall be submitted and filed in the trial court within 49 days after the filing of the notice of appeal. The rule further provides that the trial court may extend the time for filing the report of proceedings not to exceed 42 days in addition to the 49 days allowed by this rule. The rule provides that further extensions of time may be granted only by the reviewing court or judge thereof on motion made before the expiration of the original or extended time, or on motion within 35 days thereafter, supported by a showing of reasonable excuse for failure to file the motion earlier. No motion was filed in the court to extend the time for the filing of the report of proceedings. The defendant on February 7, 1975, without notice, moved the trial court for an extension of time for the filing of the report of proceedings to March 17, 1975. This order was entered on February 7, 1975, *nunc pro tunc*, as of February 3, 1975. No further action was taken by the defendant-appellant for the extension of time and the report of the proceedings was not filed on March 17, 1975, but was in fact filed on July 9, 1975, over 3½ months later.

■■ As the court stated in *Shive v. Shive* (1970), 130 Ill. App. 2d 811, 812, 263 N.E.2d 713, 714:

"When the appellant fails to file the report of proceedings in the trial court within the extended time as fixed by the rule, the trial court has not only the right but the duty to dismiss the appeal. *People ex rel. McWard v. Wabash R.R.,* 388 Ill. 312, 57 N.E.2d 851."

Our Supreme Court has also held:

"It has long been held that the rules of this court, when established, have the force of law and are binding on the court as well as the litigant, and that where there is a failure to comply with them the appeal will not be entertained." *In re Estate of Meirink* (1957), 11 Ill. 2d 561, 564, 144 N.E.2d 591, 592.

In an abstract opinion, *Fielding v. Fielding* (1965), 58 Ill. App. 2d 279, 207 N.E.2d 168, the court there observed that the appellate court might be inclined to permit entry of an order, *nunc pro tunc*, with respect to the late filing of the report of proceedings on the basis of affidavits, but that unexplained late filing of abstract and brief could not be excused and the motion to dismiss the appeal would be granted. There have been no affidavits filed nor application made to this court to explain the reason for the filing of the report of proceedings more than 3 months after the time had expired.

■■ We turn then to the issue raised by the motion to dismiss herein as to the filing of the record on appeal. Supreme Court Rule 326 provides that the record on appeal or certificate in lieu thereof shall be filed in the

reviewing court within 63 days after the filing of the notice of appeal, or, if the time is extended, the record shall be filed within 14 days after the extension of time. In the case before us no certificate in lieu of the record was filed and the record itself was not filed until January 9, 1976, more than a year after the notice of appeal had been filed. As the court stated in *In re Estate of Woodshank* (1975), 27 Ill. App. 3d 444, 449, 325 N.E.2d 686, 690:

> "The facts in the case before us show a reasonable excuse for the late filing, but no motion for an extension of time was filed as required by Rule 326.
>
> Although we have not elected to dismiss this appeal in this instance, the filing of the record after the expiration of the time for filing where no extension of time has been requested does subject the appeal to an order of dismissal. [Citation.]"

In the case before us no excuse or affidavit has been filed to show the reason for the late filing of the record. The court in *Swift Agricultural Chemicals Corp. v. Marten* (1972), 4 Ill. App. 3d 60, 280 N.E.2d 268, considered the question of the failure of the appellant to file the record in due time, the appellant alleging that it was the fault of the clerk of the trial court and not that of the defendant. The court observed that Supreme Court Rule 325 provides that, at the request of the appellant a certificate may be secured in lieu of the record. In that case the appellant did not ask for such a certificate, the record had been filed late (actually 5 days), whereas in the instant case the record was not filed until almost a year after notice of appeal. The court in *Swift* dismissed the appeal for failure to file the record in due time as prescribed by Supreme Court Rule 326.

Lastly, in *Mt. Vernon Girl Scout Council v. Girl Scouts of United States of America* (1965), 55 Ill. App. 2d 443, 448, 205 N.E.2d 474, 477, the court in considering the failure of the appellant to file the record, stated:

> "The rules state explicitly and unequivocally that failure to timely file the record requires dismissal of the appeal."

In the case before us the defendant has not only failed to file the record in the time prescribed by Rule 326 but also failed to file the report of proceedings within the time prescribed by Rule 323. No excuse has been offered by the defendant for failure to comply with the rules herein. The report of proceedings not having been timely filed, and the record having not been timely filed, the appeal is therefore dismissed.

Appeal dismissed.

SEIDENFELD and HALLETT, JJ., concur.