DANIEL J. HENRY *et al.*, d/b/a Orchard Hill Building Company, Plaintiffs and Counterdefendants-Appellees, *v.* JOSEPH M. WAZ *et al.*, Defendants and Counterplaintiffs-Appellants.

Second District   No. 78-337

Opinion filed March 15, 1979.

Lance Haddix and Robert M. Hodge, both of Chicago, for appellants.

R. Terence Kalina, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendants appeal the dismissal of their counterclaim. The counterclaim was based upon an alleged implied warranty of habitability and the trial court dismissed the same, holding that section 15 of the limitations act of April 4, 1872 (Ill. Rev. Stat. 1975, ch. 83, par. 16), setting forth a 5-year statute of limitations, was applicable. We do not reach that issue.

The record here is long and involved. The original suit was filed by the plaintiff seeking an injunction to prohibit the defendants from interfering with their operation of model homes and sales office. An injunction was issued by the trial court, and the cause was appealed to this court. In *Henry v. Waz* (1976), 35 Ill. App. 3d 752, 342 N.E.2d 433, this court affirmed the judgment of the trial court which denied dissolution of the injunction.

The appellees herein have moved this court to dismiss the present appeal of the defendants, based on alleged violations by the appellants of Supreme Court Rules 323(e) (extension of time for filing the report of proceedings) and 326 (time for filing record on appeal) (Ill. Rev. Stat.

1975, ch. 110A, pars. 323(e), 326). The motion to dismiss was denied by order of this court entered on August 24, 1978. The issue as to compliance with sections 323(e) and 326 has been raised again by the appellees in their briefs. This court has now had the benefit of the briefs and the arguments of the parties as well as the opportunity to review the entire trial court record. On that basis we vacate the order entered by this court on August 24, 1978, and dismiss this appeal. Although briefs have been filed by both parties, we do not reach the merits of the appeal. See *Mt. Vernon Girl Scout Council v. Girl Scouts* (1965), 55 Ill. App. 2d 443, 205 N.E.2d 474.

We find that the appellant herein has not complied with the provisions of Supreme Court Rules 323(e) and 326. The predecessor of the present Supreme Court Rule 323(e) was Rule 36(1)(c). Rule 36(1)(c) provided, in pertinent part, that the reporting of proceedings at trial should be submitted and filed within 50 days after the notice of appeal. That rule further provided:

> "On application made before the expiration of the original or extended period allowed by this rule for filing the report of proceedings, any judge of said court may on good cause shown extend the time for filing the same. The extensions of time granted in the trial court shall not exceed in the aggregate a period of 45 days from the last day fixed by this rule for filing the report of proceedings. Further extensions of time may be granted only by the reviewing court or a judge thereof in vacation in the manner provided in subdivision (2) (e) of this rule, upon application made within the extended period granted by the judge of the trial court, or within any further extended period granted by the reviewing court or judge thereof." Ill. Rev. Stat. 1965, ch. 110, par. 101.36(1)(c).

Section 36(2)(e), the predecessor of Rule 326, provided that further time within which to file the record on appeal may be granted by the reviewing court, or any judge thereof in vacation, upon motion and affidavit showing good cause and diligence. The motion must be accompanied by a short record and be made *before* the expiration of the time for filing the record on appeal or any extensions thereof.

In 1970, effective July 1, 1971, the final paragraph of former Rule 36(1)(c) was amended to add the "safety valve," adding an additional 35 days for *further* extensions of time upon shown due diligence. Committee comments point out that the purpose is the same as that of the comparable provision of Rule 323(e). The present Rule 323(e) reads as follows:

> "Any judge of the trial or reviewing court may extend the time for filing the report of proceedings or agreed statements of facts or for

serving a proposed report of proceedings, on motion made *within the time* provided by this rule or any extension thereof. The extensions of time granted in the trial court for filing the report of proceedings shall not aggregate more than 42 days in addition to the 49 days allowed by this rule. Further extensions of time may be granted only by the reviewing court or a judge thereof on motion made *before the expiration of the original or extended time,* or on motion filed within 35 days thereafter, supported by a showing of reasonable excuse for failure to file the motion earlier." (Emphasis added.) Ill. Rev. Stat. 1971, ch. 110A, par. 323(e).

In the case before us the notice of appeal of the defendants-counterplaintiffs was filed on April 13, 1978. The report of proceedings under the present rule was due within 49 days, or on either May 31 or June 1, 1978. It is clear that the report of proceedings was not filed during that period. On June 16, 1978, without notice, the defendants appeared before the trial court and upon their motion that court entered an order extending the time for filing the report of proceedings until June 30, 1978. From the affidavit of the appellants, it would appear that the report of proceedings was filed in the circuit court with instructions to deliver the same to this court. However, no appeal has been docketed in this court until July 10, 1978, when the report of proceedings was thereupon filed.

Numerous cases have considered the question presented herein, under both the prior and current rules. For the purpose of brevity we will consider only those cases interpreting the current rule which is the one in question. In *Swift Agricultural Chemicals Corp. v. Marten* (1972), 4 Ill. App. 3d 60, 280 N.E.2d 268, the court considered the failure of the appellant to file the record on appeal, finding that the record was due no later than July 28, 1971, but was not filed until August 3, 1971, and the appeal was accordingly dismissed. In *Nicaisse v. Plemmons* (1976), 37 Ill. App. 3d 85, 345 N.E.2d 224, this court cited *Shive v. Shive* (1970), 130 Ill. App. 2d 811, 812, 263 N.E.2d 713, 714:

"When the appellant fails to file the report of proceedings in the trial court within the extended time as fixed by the rule, the trial court has not only the right but the duty to dismiss the appeal."

■■ In *Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 1031, 369 N.E.2d 201, 204, the court there considered the failure of the appellant to move for an extension of the period within the initial 49-day period in the trial court and stated:

"However, since plaintiff's motion was made not within, but after expiration of, the allowed initial 49-day period, the trial court was without authority to grant this extension. [Citations.] Thus, the order of February 5, based on plaintiff's untimely motion, was void and without effect."

That is the situation in the case before us. The *ex parte* motion for the extension of time for filing the report of proceedings was made after the expiration of the original 49 days allowable under the rule and the order entered by the trial court after that day extending the period for filing the report of proceedings was void and of no effect.

■■ The defendants have conceded that *Ticktin v. Verunac* (1965), 64 Ill. App. 2d 122, 212 N.E.2d 302; *Lukas v. Lukas* (1942), 381 Ill. 429, 45 N.E.2d 869; and *Portock v. Freeman* all support the appellee's position that the appeal should be dismissed. However, they contend that these cases were appeals from verdicts rather than orders of dismissal, that the failure to file the report of proceedings in a timely fashion was the only thing that appellant failed to do, and that they have a reasonable excuse for the failure to comply with the rule in question. We find that none of these arguments are meritorious. In *First Finance Co. v. Ross* (1965), 64 Ill. App. 2d 474, 477, 211 N.E.2d 588, 590, the court stated:

> "The reasons for failing to file a report of proceedings within the 50-day [now 49-day] period are irrelevant."

We explicitly find that the safety valve provision of 323(e) is not applicable to the facts of the case before us. We therefore dismiss the appeal.

Appeal dismissed.

NASH and LINDBERG, JJ., concur.