BECKER BROS., INC., *et al.*, Plaintiffs, *v.* HAROLD KIRKHUS *et al.*, Defendants-Appellees.—(PEORIA SCHOOL DISTRICT NO. 150, Appellant.)

Third District   Nos. 79-129, 79-130 cons.

Opinion filed January 24, 1980.

William M. Frederick and Phillip B. Lenzini, both of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellant.

Robert Hollis Miller, of Davis & Morgan, and Walter W. Winget, II, and James F. Kane, all of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal represents the most recent stop for two tandem cases out of the circuit court of Peoria County that have wended a parallel path through the court system. Because of the identical nature of their history and the issues presented, the cases have been consolidated for argument before this court and the decision rendered today decides in the same consolidated fashion the issues raised.

In Case No. 79-129, the plaintiff Becker Bros., Inc., filed on May 27, 1975, a petition to detach territory from Limestone Community High School District No. 310 and from Pleasant Valley Grade School District No. 62. Such an action is provided for in the School Code at section 7—2.4. (Ill. Rev. Stat. 1977, ch. 122, par. 7—2.4.) Becker Bros. sought to annex the same territory to Peoria School District No. 150. According to the petition filed the territory in question was wholly owned by Becker Bros., was not the residence of any legal voters, and was scheduled for development as a subdivision.

On July 9, 1975, Conrad Davis, Rose Davis and others filed a similar petition to detach certain territory from Districts 310 and 62 while attaching the same territory to District 150. That petition alleged that it was signed by more than 50 percent of the legal voters residing in the territory. The territory described in the Becker Bros. petition was adjacent to, but totally apart from, the territory described in the Davis petition.

As a result of the filing of the aforesaid petitions and pursuant to sections 7—2.5 and 7—2.6 of the School Code (Ill. Rev. Stat. 1977, ch. 122, pars. 7—2.5 and 7—2.6), hearings were held before a special administrative tribunal. As required by statute, each of the three affected school districts was noticed and appeared at the administrative hearing. The result of the administrative hearing was to deny the relief requested in both petitions.

The petitioners in both No. 79-129 and No. 79-130 exercised their rights under section 7—2.7 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 7—2.7) to have the administrative decision reviewed by the circuit court. Complaints were filed and the respondent school districts filed answers as well as copies of the record from the administrative hearing. In a disputed exercise of authority the trial judge then ordered the petitioners to prepare an abstract of record. After three continuances extending over a period of eight months, the petitioners offered a "Summary of Record" which the trial judge deemed an inadequate attempt to comply with the previous order. As a result of such failure to comply the complaints for administrative review were dismissed with prejudice.

No post-trial motion was filed by either the petitioner in No. 79-129 or the petitioner in No. 79-130. The motion to set aside the circuit court's order dismissing with prejudice both the complaint in No. 79-129 and the complaint in No. 79-130 was filed solely by and on behalf of District No. 150. Similarly, the notice of appeal to this court in both of the tandem cases was filed solely by District 150.

Although several errors are alleged in the appellant's brief filed by District 150 in both of the consolidated cases, for the reasons set forth below, we believe both these appeals must be dismissed and thus we do not reach those issues.

The School Code provides that a petition for detachment of territory may be initiated: (1) by any affected school district if signed by the board of education of that district and by 25% or 1000 of the legal voters of the district, whichever is less; or (2) by 50% of the legal voters residing in any territory proposed to be detached; or (3) if there are no legal voters residing within the territory proposed to be detached, then by 50% of the owners of record of the real estate of the territory. (Ill. Rev. Stat. 1977, ch. 122, par. 7—2.4.) The petition in No. 79-129 was filed and prosecuted solely by Becker Bros.; District 150 was not a petitioner therein nor a signatory. The same is true of the petition filed by Davis *et al.* in No. 79-130. There again, no affected district was petitioner or signatory. District 150 was noticed into both of these detachment proceedings because it was an affected school district. (See Ill. Rev. Stat. 1977, ch. 122, par. 7—2.4.) District 150 did not petition for relief by way of detachment nor has District 150 met the requirements set forth in section 7—2.4 to entitle it to request such relief. District 150 has failed to file a petition requesting relief signed by the board of education.

To permit District 150 to pursue on appeal the actions begun by Becker Bros. and Davis *et al.* would subvert the statutory requirements set forth in section 7—2.4 of the School Code. It is always unwise for the courts to countenance subterfuge. To do so impugns the very integrity of

the judiciary. Further, under the facts of the case at bar, to permit District 150 to prosecute this appeal for affirmative relief mocks the authority of the legislature. In their collective wisdom, our legislators have promulgated a requirement whereby school districts can only petition for detachment or annexation of territory after meeting certain requirements. Here, District 150 seeks to escape those requirements by stepping into the shoes of erstwhile petitioners who have abandoned their petitions for relief.[1] We will not sully the dignity of this court by acquiescing to such sleight of hand substitutions of party.

■■ An appellate court has authority to dismiss an appeal where it is taken by a party who has no right to appeal. (2 Ill. L. & Prac. *Appeal and Error* §588 (1953); *Fitzsimmons v. Miller* (1923), 231 Ill. App. 389; *Bayley v. Clark* (1910), 153 Ill. App. 154; *Mechanics' & Traders' Savings, etc. Ass'n v. People ex rel. Auditor of Public Accounts* (1900), 184 Ill. 129, 56 N.E. 346.) Clearly the party taking this appeal, District 150, is without authority to do so. How anomalous it would be to suggest that this party, District 150, could seek relief here that it could not have sought below absent compliance with the requirements of section 7—2.4. Such an anomalous result will not here be sustained.

■ The question of District 150's right to any relief at all may, in the first instance and under these facts, be noticed before this court. (*Emmerson v. Merritt* (1911), 249 Ill. 538, 94 N.E. 955.) Indeed, until the post-trial motion was filed in the circuit court the question was nonexistent. The question exists now, and we agree with the arguments presented in the briefs of District 310 and District 62. The appeal must be dismissed as no relief can be granted which depreciates the requirements of section 7—2.4. That we have previously denied motions to dismiss in both No. 79-129 and No. 79-130 does not preclude our reconsideration and subsequent reversal of that action based upon further study of the briefs, arguments and trial record. *Mt. Vernon Girl Scout Council v. Girl Scouts of United States of America* (1965), 55 Ill. App. 2d 443, 205 N.E.2d 474.

Prior to oral arguments in this appeal District 150 filed a motion to file additional excerpts of record. This motion was taken with the case. The court has granted the motion even though the additional excerpts have had no bearing as to the determination of this appeal.

For the reasons stated this appeal should be dismissed.

Appeal dismissed.

BARRY and STENGEL, JJ., concur.

---

[1] Petitioners have not appeared before this court and by way of a letter signed by their counsel in the proceeding below they have disavowed any participation in this appeal.