THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
WENDELL P. MARBLY, Defendant-Appellee.

First District (2nd Division)    No. 79-483

Opinion filed June 17, 1980.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Howard D. Geter, Jr., of Chicago, for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Defendant Wendell P. Marbly was charged with driving under the influence of intoxicating liquor, leaving the scene of an accident involving damage to property and driving on the left side of a roadway (Ill. Rev. Stat. 1977, ch. 95½, pars. 11—402, 11—501(a); Chicago, Ill., Code, 1977, ch. 27, §27—251). After several continuances, granted on motions of both the State and defendant, the State's motion for an additional continuance on April 21, 1978, was denied; its motion to strike the cause with leave to reinstate was allowed; and the cause was dismissed on that date. On May 17, 1978, the State moved to reinstate the case, which the trial court denied. The State appeals pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)). The issues raised are whether the State may properly appeal the dismissal under Rule 604(a) and whether the refusal to reinstate was proper. For the reasons which follow, we reverse and remand to the trial court for further proceedings.

A threshold question raised by the State is whether we have jurisdiction of this appeal in light of the fact that no report of proceedings was filed nor was the record timely filed. The record reveals that on May 19, 1978, the State filed its notice of appeal from the trial court's denial of reinstatement of the case. A "transcript order" signed by the presiding judge of the traffic court on May 8, 1978, directed the court administrator to file the trial transcript for the four count dates involved in the proceedings, January 4, February 7, March 14 and April 21, 1978. The record reveals further that motions filed by the State for the purpose of securing transcripts and the common law record for filing in the appellate court were sustained on August 17, October 12, November 2, 1978, and February 1, 1979, thus demonstrating continuing efforts by the State to comply with the Rules. At no time, however, did the State seek or secure extensions of time for filing a report of proceedings or the common law record in the appellate court in compliance with Supreme Court Rules 323(e) or 608(d) (Ill. Rev. Stat. 1977, ch. 110A, pars. 323(e), 608(d)). Both the State and defendant tardily attempted to file "bystander reports" in

lieu of a verbatim transcript, which were denied certification by the trial court.

■■ ■ Although failure to file reports of proceedings and records within the framework of the Rules in some instances has resulted in the dismissals of appeals (*Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 1031-32, 369 N.E.2d 201; *In re Estate of Mills* (1975), 33 Ill. App. 3d 406, 407-08, 342 N.E.2d 319; *Shive v. Shive* (1970), 130 Ill. App. 2d 811, 263 N.E.2d 713), such failure is not jurisdictional (*Ray v. Winter* (1977), 67 Ill. 2d 296, 367 N.E.2d 678; *Halka v. Zupan* (1979), 68 Ill. App. 3d 616, 618, 386 N.E.2d 439), since only the filing of the notice of appeal is jurisdictional whether the matter involved is civil (Ill. Rev. Stat. 1977, ch. 110A, par. 301) or criminal (Ill. Rev. Stat. 1977, ch. 110A, par. 606) in nature. In light of the well-intentioned, but ineffectual, efforts to present a proper report of proceedings and record in this case, we elect to consider the merits of the appeal.

■■ ■ The State contends that the order of May 17, 1978, was improvidently entered because the trial court dismissed the two State charges without any authority for such action appearing in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1). Paradoxically, the State also maintains that it has the right to proceed under Supreme Court Rule 604(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)) with respect to the criminal charges, which facially authorizes appeals by the State only from orders or judgments resulting in dismissal of charges for any of the grounds enumerated in section 114—1. We believe that the supreme court in *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, resolved this issue by there holding that a trial court has inherent authority to dismiss an indictment in a criminal case when there has been a clear denial of due process, even in the absence of a ground set forth in section 114—1, by virtue of prejudicial delay. At the same time, the State is authorized to appeal such an order under Rule 604(a) notwithstanding the absence of any of the 10 grounds set forth therein, the court holding that it was not the intent of Rule 604(a) to limit the State's right to appeal to section 114—1 grounds alone. The substantive effect of the trial court's denial of the State's motion for leave to reinstate the cause in the present case likewise was dismissal of the criminal charges against defendant, and the State may properly appeal this order under the authority of Rule 604(a). Further, as in *People v. Lawson*, the trial court had the inherent authority to dismiss the criminal charges by virtue of what it considered prejudicial delay. We turn now to the question of whether such prejudicial delay appears from the record.

■■ The State asserts that defendant made no challenge to the sufficiency of the charges; that there was no infringement upon defendant's right to a speedy trial because the dismissal occurred 131 days after the first court

date, the first date on which defendant, who was on bond, could demand trial; that the period within which trial was to have commenced was tolled by defendant's continuance from March 14 to April 21, 1978, in any event; and that the record does not support any conclusion that the delay constituted a manifest abuse of defendant's right to due process of law. Defendant responds that because the trial was commenced and continued on January 4, 1978, the reinstatement of the case on April 21, 1978, would have placed defendant twice in jeopardy contrary to his constitutional rights and in violation of section 3—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(3)). The difficulty with defendant's argument is, however, that no witnesses were sworn at anytime, as revealed by the record and the briefs filed in this court. Section 3—4(a)(3) bars prosecution if the case was terminated improperly in a bench trial "after the first witness was sworn but before findings were rendered by the trier of facts * * *." Furthermore, neither party contends, nor does the record reveal, that any evidence was heard by the trial court. Jeopardy, therefore, did not attach. (*People v. Shields* (1979), 76 Ill. 2d 543, 546-47, 394 N.E.2d 1161.) No other ground appears in the record to support the contention that defendant's right to due process has been manifestly abused. The unexplained absence of a key prosecution witness, referred to by the trial court in its order denying certification of the proposed bystander report, who allegedly knew of the court dates but did not appear, does not supply such a ground under the facts herein presented.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause remanded for proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

PERLIN, P. J., and STAMOS, J., concur.