(No. 36247.)
HAROLD H. LUNDBERG, Appellant, *vs.* JOHN K. GAGE *et al.,* Appellees.

*Opinion filed May 19, 1961.*

SCHRADZKE, GOULD AND RATNER, of Chicago, (BENJA-
MIN Z. GOULD, J. STEPHEN CRAWFORD, and SOLOMON GUT-
STEIN, of counsel,) for appellant.

McDONALD & SCHMIDT, of Chicago, (VINCENT D. Mc-
CONNELL, of counsel,) for intervenor-appellee The State
Oil Company.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This action is for specific performance of a real-estate
contract. Upon motion for judgment on the pleadings, the
court entered a decree holding against plaintiff. A freehold
is involved.

Harold H. Lundberg filed his complaint against John K.
Gage wherein it was alleged that on December 4, 1958, he

entered into a written agreement with Gage to purchase a tract with 128 feet of frontage on Sheridan Road in Wilmette and extending back east to a depth of 110 feet, and that he had deposited the full purchase price with his broker. The agreement, in the form of an offer and acceptance, contained a provision that it was "subject to existing lease with the State Oil Co."

Gage answered admitting the material allegations of the complaint, including the execution of the agreement, asserted that plaintiff had full knowledge of the lease and the option therein, and set up as an affirmative defense the exercise by State Oil Company of its option to purchase on December 15, 1958. No reply was made to the allegations setting up the affirmative defense and they are therefore admitted. (Ill. Rev. Stat. 1959, chap. 110, par. 40 (2); *Laegeler* v. *Bartlett,* 10 Ill.2d 478.) The well pleaded affirmative defense would seem to terminate plaintiff's interest in the litigation. He asserts however that his subsequent tender of pleadings to those filed by the lessee raises issues of fact as to the existence of a valid option and lessee's right to demand a conveyance.

The option was contained in a lease from John S. Gage, predecessor in title of defendant John K. Gage to State Oil Company dated March 30, 1951. It provided that if lessor received a *bona fide* offer to purchase or lease for 20 years, subject to the condition that the premises would not be used for service station use, the lessee was to be notified and it then had 30 days within which to purchase or lease for the amount of the *bona fide* offer. The land described in the lease was the west 75 feet of the north 85 feet, thus it did not include the east 33 nor south 43 feet of the subject tract.

State Oil Company intervened as a party defendant and filed an answer and a counterclaim impleading Gage's wife Elizabeth as an additional defendant. It alleged possession of the north 85 feet since 1946, that it was given possession of the south 43 feet in 1950, and that upon execution of the

1951 lease it was orally agreed that the terms and conditions of the lease should appdy to the whole tract. Intervenor further alleged that the option to purchase the whole tract was exercised on December 15, 1958, that a contract was entered into with the Gages on the same day, that plaintiff's agent had full knowledge of the option, and that plaintiff filed his agreement for record on December 23, 1958. It prayed that the claim of plaintiff be held void as a cloud upon its title and that a decree be entered directing specific performance of the Gages' contract with intervenor. The Gages filed an answer admitting all allegations of the counterclaim.

Plaintiff contends that two conditions must exist before the option could be exercised. First, that lessor must receive a *bona fide* offer and, second, the proposed sale had to be made subject to a prohibition against the use of the premises for a gasoline station. He admits fulfillment of the first, but says that the second condition was not met since there was no such prohibition in his contract. The option was for the lessee's benefit, not the lessor's, and the latter could not equitably be permitted to nullify the option by merely accepting an offer without such a prohibition. Since this could not have been pleaded by the lessor, obviously the plaintiff cannot do so.

He next contends that since title passed from John S. Gage to defendant John K. Gage after the execution of the lease that intervenor's option right became lost by failure to assert it at the time of the transfer. The lessor and lessee both recognize the validity of the option. Plaintiff did not raise the issue of waiver in his pleadings and cannot present that argument on appeal.

Plaintiff's principal attack centers upon the failure of the lease to describe the whole tract. While a fair reading of his tendered pleadings indicates an admission of the validity of the option upon the bulk of the tract (85 feet on Sheridan Road by 77 feet in depth), he seriously contests

intervenor's right to exercise the option because all of the tract was not described in the lease. Thus we are presented with this situation: intervenor has a valid option upon at least the north 85 feet of the west 77 feet, which it has duly exercised, and its right to specific performance thereto is paramount to that of plaintiff. As to the defendants Gage, intervenor is entitled to specific performance on the whole tract since their answer admitted that the option covered the whole.

We have considered the possible applicability of the rule that a vendee is entitled to specific performance as far as the vendor is able to perform, and to have an abatement out of the purchase money for any deficiency in title, quantity or quality of the estate. (*Kuhn* v. *Eppstein,* 219 Ill. 154; *Baker* v. *Puffer,* 299 Ill. 486; *Laegeler* v. *Bartlett,* 10 Ill.2d 478; *Schiro* v. *Gould & Co.* 18 Ill.2d 538.) It will be noted that in practically all cases where the rule has been invoked there is an incumbrance or a slight defect in quality or quantity of the area contracted to be sold. Here, the Gages could not completely perform because of the prior option covering a major portion of the tract amounting to almost ⅔ of the Sheridan Road frontage. There is a more elementary reason, however, why the rule can be of no aid to the plaintiff. A vendee must make an election for specific performance as to the aliquot portion of the premises which the vendor is capable of conveying, since a vendee cannot be forced to take anything less than the whole estate for which he contracts. Plaintiff made no such election in his tendered amended reply and amended counterclaim but insisted in the proffered pleadings that he was entitled to specific performance as to the whole tract.

The trial court had the tendered pleadings before it at the time of passing on the motion to file them, and properly held that they raised no material issue of fact. The motion to file the amended pleadings was not presented until after the hearing upon intervenor's motion to strike the original

answer (reply) and counterclaim of plaintiff and for judgment on the pleadings, and until after the court had announced its decision to enter a decree in favor of the intervenor. There was no abuse of discretion by the court in closing the pleadings at that point. Judgment on the pleadings was then proper because, as we have pointed out, there was no dispute between intervenor and the other defendants.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*