Raymond P. Gribben et al., Plaintiffs-Appellants, v. Interstate Motor Freight System Company, a Corporation and St. Anne Brick and Tile Company, a Corporation, Defendants-Appellees.

Gen. No. 48,748.

First District, Third Division.

November 7, 1962.

Simon Stickgold, of Chicago, for appellants.

Jacob Shamberg, of Chicago (R. Lipshultz, of counsel), for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Interstate Motor Freight System Company, one of the appellees, has moved to dismiss this appeal for several reasons, among them that the appellants' abstract is inadequate.

The amended complaint is in the abstract and from it we learn that this was an action brought by residents of the town of Cicero for temporary and permanent injunctions to restrain the defendant from constructing a motor freight terminal in their neighborhood. It was alleged that the terminal would be a private nuisance and that it was being built under the authority of an invalid zoning ordinance. The case was referred to a master in chancery. The terminal had been completed when the hearings took place and

almost all the testimony before the master was directed to the nuisance issue; the validity of the ordinance was not seriously contested.

■ Outside of the amended complaint and the testimony before the master, the abstract tells us little else. It does not set forth the answer of the defendants, any of the numerous exhibits, the master's report, the objections and exceptions to it or the decree of the court. The recital of these essentials is limited to the following words:

Answer of Interstate Motor Freight System Company, filed August 22, 1858.

Report of Master in Chancery Daniel J. Ryan, filed May 24, 1961.

Plaintiffs' objections to report of Master in Chancery, filed December 8, 1960.

Certificate of Master in Chancery Daniel J. Ryan overruling plaintiffs' objections to report, filed May 24, 1961.

Decree approving and confirming report of Master in Chancery Daniel J. Ryan, entered December 1, 1961.

■ ■ The abstract of record is the pleading of the party in a court of review. What is sought to be reviewed must be contained in that pleading. Campbell v. Fazio, 23 Ill App2d 106, 161 NE2d 579; Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 149 NE2d 351. This court said in Kotowski v. Cook, 29 Ill App2d 116, 172 NE2d 502:

"Rule 6 of this court and rule 38 of the Supreme Court provide that the abstract should be sufficient to present every error relied on for reversal, and everything necessary to decide the

questions raised on appeal must appear therein. 2 I.L.P. Appeal and Error, sec. 483. The substance of the record should be abstracted so that it will not be necessary to resort to the record to determine the issues presented. Failure of the abstract to properly present errors relied on warrants the court in affirming the judgment. Department of Finance v. Bode, 376 Ill 374; 2 I.L.P. Appeal and Error, sec. 493."

Courts have sought to avoid a harsh application of these rules and have affirmed judgments or dismissed appeals only where there have been flagrant violations. Campbell v. Fazio, supra; Clark v. Titone, 10 Ill App2d 135, 134 NE2d 348. In this case the violations are flagrant.

■ The failure of the abstract to show the judgment entered by the trial court is itself a fatal defect. Dowling v. Jensen, 28 Ill App2d 174, 171 NE2d 107; Harris v. Annunzio, 411 Ill 124, 103 NE2d 477. In Boston Store of Chicago v. Industrial Commission, 386 Ill 17, 53 NE2d 455, the only mention in the abstract of the judgment of the trial court was, as in the present case, a single line which stated: "Order of Circuit Court of Cook County, confirming the award of the Industrial Commission, entered April 9, A.D. 1943." The court noted that: "It nowhere appears from the abstract what the judgment of the circuit court was or what questions are involved . . . the court cannot review the supposed judgment in this case."

■ If the decree was rendered in the form shown by the present abstract, i. e., "Decree approving and confirming report of Master in Chancery . . ." it would not be a final, appealable decree. A decree which merely approves and confirms the master's report is interlocutory only. Chicago Bill Posting Co. v. Schuster, 88 Ill App 513.

In their notice of appeal the appellants prayed that the decree be reversed on the ground that it is contrary to the manifest weight of the evidence. It is impossible to formulate an opinion on this and other points without the master's report and the objections or exceptions to it. In this respect the abstract is also defective. Gabl v. Gabl, 305 Ill App 620, 27 NE2d 551; Richards v. John Spry Lumber Co., 64 Ill App 347; Hamalle v. Kimmel, 224 Ill App 9.

The many exhibits which were received in evidence are neither in the abstract nor abstracted and there is no index indicating the nature of the exhibits. This is a violation of rule 6 of this court, Ill Rev Stats (1961) c 110, § 201.6. This rule provides in part that: "The abstract shall be preceded by a complete index, alphabetically arranged, indicating the nature of each exhibit, i. e., Will, Trust Deed, Contract, and the like, and the page on which it may be found. . . ."

In their counter-suggestions to the motion to dismiss the appellants brush off the omissions by saying: "The final court order, the Master's Report . . . and the exhibits are all contained in the record. . . . If more is needed the rules provide the remedy."

The rule referred to is that part of rule 6 of the Appellate Court, which is as follows:

"The abstract will be taken to be accurate and sufficient unless the opposing party files an additional abstract, making necessary corrections and additions. The additional abstract may be filed without order of court."

The appellants also brusquely remark: "Defendant-appellee can easily correct any errors he feels exists in the abstract by the simple expedient of complying with the Court rule in this regard."

The appellants cannot sidestep the obligation of filing a sufficient abstract because rule 6 permits the

appellee to file an additional abstract. Where there has been a sincere effort to present fully and fairly every error relied upon for reversal, a merely defective abstract will be overlooked and an additional one which cures defects and supplies deficiencies will be welcomed; but the initial responsibility of an appellant never shifts to the appellee, the latter is never compelled to do what the former should have done. Clinton v. Drainage Com'rs, 341 Ill 135, 173 NE 108; Galvan v. Torres, 8 Ill App2d 227, 131 NE2d 367; Eckel v. Koleff, 1 Ill App2d 221, 117 NE2d 400.

The motion of the appellee to dismiss this appeal will be sustained.

Appeal dismissed.

SCHWARTZ and McCORMICK, JJ., concur.