Richard W. Husted, Plaintiff-Appellant, v. Thompson-Hayward Chemical Co., a Missouri Corporation, Enos Conley & Sons, a Corporation, and Roy Diedrick, Defendants-Appellees.

Gen. No. 64–144.

Second District.

October 1, 1965.

Richard W. Husted, of Elgin, for appellant.

J. V. Schaffenegger, of Chicago (Jack L. Watson, of counsel), for Enos Conley & Sons, appellee; Matthews, Jordan, Dean & Suhler, of Aurora, for Thompson-Hayward Chemical Co., a Missouri Corporation, appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

Plaintiff-appellant herein asserts that he has appealed from the order entered denying his post-trial motion for new trial against defendants-appellees, Thompson-Hayward Chemical Co., a Missouri Corporation, and Enos Conley & Sons. However, his abstract of record fails to sustain this contention.

The plaintiff's amended complaint consisted of three counts. Count I was directed against the defendant, Roy Diedrick, a custom farmer, who applied the chemical spray in question to 110 acres of plaintiff's corn.

Count II alleged that Diedrick purchased the chemical, which he diluted with water, from the defendant, Enos Conley & Sons, herein called vendor; that said chemical was a plant poison and was inherently dangerous to plant life and growing crops to which it might be applied; that the vendor warranted it to effectively kill weeds, vines and other broadleaf plants when diluted in water and applied to corn and corn land, without injury to the corn; that notwithstanding such implied warranty, said chemical, when diluted and applied by spray, severely damaged, curled, burned and discolored 75 acres of growing corn then owned and possessed by plaintiff, thereby stunting its growth and ruining it as a grain crop; and that the damage to said corn was the direct and proximate result of the application of said chemical spray.

Count III alleged that the defendant, Thompson-Hayward Chemical Co., herein called manufacturer, manufactured and sold said chemical to the defendant vendor, as its distributor; that said chemical was a plant poison, as alleged in Count II; that the manufacturer caused the chemical to be sold to the public, and impliedly warranted it to effectively kill weeds, vines and other broadleaf plants, when diluted with water and sprayed on corn and corn land, without damage to the corn; that notwithstanding such implied warranty, the chemical, when diluted with water and sprayed on plaintiff's corn and corn land, severely damaged 75 acres of growing corn, as alleged in Count II; and that the application of said chemical spray was the direct and proximate cause of the damage to said corn.

The defendants each filed answer to the amended complaint. The vendor, as a first defense, moved to strike the amended complaint for failure to state a cause of action, because no implied warranty existed in law or fact, and because there was no priv-

ity of contract, or mutual obligation between the vendor and plaintiff and no promise or representation was made to plaintiff. The answer further denied the allegations of the complaint and liability. The manufacturer admitted that it manufactured the chemical and that the vendor was one of its jobbers and denied all other allegations of Count III. By amendment to the answer, the manufacturer asserted as an affirmative defense that each package contained a notice that due to climatic and other conditions the manufacturer made no warranty concerning this product or its use; and that by reason of said notice, a copy of which was fully set forth, the plaintiff assumed any and all risks attendant with the use of the chemical. The plaintiff failed to reply to the new matter set forth in either of said answers, as required by section 32 of the Civil Practice Act. (Ill Rev Stats 1963, c 110, par 32.) Such failure constituted an admission by plaintiff of the truth of the new matter so alleged. Lundberg v. Gage, 22 Ill2d 249, 251, 174 NE2d 845 (1961).

At the close of plaintiff's case, in a jury trial, the defendants each made a motion for a directed verdict and said motions were granted. The manufacturer's motion was based on plaintiff's failure to introduce any evidence to support the allegations contained in amended Count III and stated that plaintiff, as a matter of law, had not alleged or presented any evidence to support the allegations contained in amended Count III and stated that plaintiff, as a matter of law, had not alleged or presented any evidence to state a cause of action against it. The vendor joined in the manufacturer's motion.

Plaintiff filed a post-trial motion wherein he moved for a new trial on Counts II and III of his complaint. He charged error on the part of the court in directing verdicts on Counts II and III in that the theory of said counts was in contract, not tort; and that the

court erroneously directed said verdicts on the ground that there was no implied warranty of fitness of said chemical in absence of privity of contract. Plaintiff further urged that even if the defendants were correct in contending that there was no privity of contract between plaintiff and either of them, that such defense should have been raised by motion to strike the complaint and cannot be raised by motion for directed verdict.

Upon motion, this court struck the Report of Proceedings at the Trial from the record filed herein in that it was not filed pursuant to Supreme Court Rule 36(1)(c) and Appellate Court Rule 1(1)(c). (Ill Rev Stats 1963, c 110, pars 101.36(1)(c) and 201.1(1)(c).) Plaintiff filed notice of appeal on August 19, 1964 and the above Rules required that the report of trial proceedings be certified by the trial judge and filed in the trial court within 50 days of the date notice of appeal was filed, or on or before October 8, 1964. On October 7, 1964, plaintiff filed motion for an order extending time for filing and certifying the record on appeal by the clerk of the trial court to November 8, 1964, and an order was entered extending the time within which to certify and file the record on appeal, to November 8, 1964. On November 6, 1964, plaintiff obtained a further order in the trial court which provided: "It is Ordered that plaintiff have to and including the 23rd day of November, 1964, within which to certify and file record of appeal."

 The plaintiff has failed to recognize any distinction between the report of trial proceedings and record on appeal. The report of trial proceedings consists of testimony and rulings of the trial judge, and all matters upon which rulings were made, and other proceedings which appellant desires to incorporate in the record on appeal. It must be filed within 50 days after the filing of Notice of Appeal and

it is certified by the trial judge only. The time for filing the report of proceedings may be extended up to 45 days by the trial judge. The record on appeal consists of the report of trial proceedings, as certified by the trial judge, and the pleadings and papers certified by the Clerk. It must be filed in the reviewing court within 60 days from the day notice of appeal is filed, or if the time is extended for filing the report of proceedings, the time for filing the complete record in the reviewing court is automatically extended 10 days from the last day of the extended period for filing the report of proceedings. Further time for filing the record on appeal may be secured from the reviewing court only. Ill Rev Stats 1963, c 110, pars 101.36(1)(c) and 201.1(1)(c).

■ The foregoing trial court orders purported to extend the time within which to file the record on appeal. Such extension, other than by extending the time for filing report of trial proceedings, which would automatically extend the time for filing of the record on appeal 10 days after the extended time for filing the report of trial proceedings, was beyond the power of the trial court. In re Estate of Meirink, 11 Ill2d 561, 563, 564, 144 NE2d 591 (1957); Cosgrove v. New York, C. & St. L. Ry. Co., 11 Ill App2d 574, 576, 138 NE2d 112 (4th Dist 1956). If we charitably treat the Orders in question as a proper extension of time for filing the report of trial proceedings, even then plaintiff did not file such report until on November 24, 1964, one day beyond the final extension date. If we regard November 23, 1964 as the final date for filing the report of trial proceedings and allow plaintiff 10 days thereafter within which to file the record on appeal, then, and only then, would the record on appeal be considered as properly filed.

■ Inasmuch as the report of trial proceedings was not filed pursuant to Court rules, it was properly

293

stricken and we have before us for consideration, in connection with this appeal, only the papers certified to by the clerk, commonly referred to as the common law record.

The abstract of record filed by appellant consists of the amended complaint, the answers of the defendants, the manufacturer's, but not the vendor's, motion for a directed verdict at the close of the plaintiff's case, with memorandum, and plaintiff's post-trial motion. Upon this record and abstract, the plaintiff asks this court to determine the propriety of the acts and judgment of the trial court.

■ Due to the limited contents of the record on appeal and the abstract of record, we are presented with the threshold question of whether there is anything properly before us for review. The abstract is the appellant's pleading and must contain the matters sought to be reviewed. City Nat. Bank & Trust Co. of Rockford v. Almond, 42 Ill App2d 314, 315, 192 NE2d 297 (2nd Dist 1963); Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 125, 186 NE2d 100 (1st Dist 1962); Grommes v. Town of Aurora, 37 Ill App2d 1, 10, 185 NE2d 3 (2nd Dist 1962).

The motion of defendant Enos Conley & Sons, a corporation, for a directed verdict; the jury verdict in its favor; the jury verdict in favor of defendant Thompson-Hayward Chemical Co., a corporation; the court's judgments on the respective jury verdicts in favor of said defendants; and the order denying the plaintiff's post-trial motion, are wholly absent from the abstract. There is no reference therein to the notice of appeal, and from the abstract we cannot tell whether the appeal is from the judgment entered on the respective jury verdicts or from the order denying the post-trial motion.

■ ■ This abstract falls far short of the requirements of Rule 6 of this Court and Rule 38 of the Su-

preme Court (Ill Rev Stats 1963, c 110, pars 101.38 and 201.6) which specify that the abstract shall be sufficient to present every error relied upon for reversal. In construing these Rules, our courts have held that the abstract must show everything necessary to decide the questions raised on appeal and that alleged errors not shown by the abstract, or based on matters and facts not appearing therein, will not be considered on review. Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 125, 126, 186 NE2d 100 (1st Dist 1962); Rubinstein v. Fred A. Coleman Co., 22 Ill App2d 116, 121, 159 NE2d 379 (2nd Dist 1959).

 In Gribben v. Interstate Motor Freight System Co., supra, at pages 125 and 126, in quoting from Kotowski v. Cook, 29 Ill App2d 116, 172 NE2d 502, the court stated:

> "Rule 6 of this court and rule 38 of the Supreme Court provide that the abstract should be sufficient to present every error relied on for reversal, and everything necessary to decide the questions raised on appeal must appear therein. 2 ILP Appeal and Error, sec 483. The substance of the record should be abstracted so that it will not be necessary to resort to the record to determine the issues presented. Failure of the abstract to properly present errors relied on warrants the court in affirming the judgment. Department of Finance v. Bode, 376 Ill 374; 2 ILP Appeal and Error, sec 493."

In the case at bar, the foregoing rules and decisions preclude our consideration of the case on its merits.

 In addition, since the report of proceedings was stricken from the record as heretofore indicated, we cannot review any issue of fact involved in said appeal. Lukas v. Lukas, 381 Ill 429, 431, 432, 45 NE2d 869 (1943); Hollister v. Greenfield, 58 Ill App2d 12,

15, 207 NE2d 337 (3rd Dist 1965). The motion of the defendant manufacturer, which was joined in by the defendant vendor, sought a directed verdict on the ground that plaintiff failed to introduce evidence to support the allegations of the complaint. Absent the Report of Proceedings, such factual issue cannot be determined. Issue was joined on the factual questions of whether said chemical was inherently dangerous to growing crops. Absent the Report of Proceedings, such issue cannot be determined. Courts cannot properly review errors assigned in the trial of a case in a vacuum. To facilitate appellate procedures, rules have been adopted to the end that the substance of the record will appear in the abstract so that it will not be necessary to resort to the record to determine the issues presented. Department of Finance v. Bode, 376 Ill 374, 376, 33 NE2d 586 (1941); 2 ILP Appeal and Error, sec 493, pp 453–457.

 A court of review is not required to go to the record to reverse the trial court, although it will go beyond the abstract and search the record to affirm. Willowbrook, In re Petition to Annex Certain Territory, 42 Ill App2d 432, 435, 192 NE2d 553 (2nd Dist 1963). In the case at bar, the abstract fails to disclose the exact basis for the trial court's rulings on the defendant's motions for directed verdict. Upon appeal all reasonable presumptions are in favor of the action of the trial court, and the burden is on the plaintiff to overcome such presumptions by affirmatively showing the errors charged. Kaye v. Kremer, 23 Ill App2d 506, 163 NE2d 561 (1st Dist 1960); 2 ILP Appeal and Error sec 711, pp 627 and 628. It was plaintiff's duty to present a complete abstract of record so that we could determine the propriety of the action sought to be reviewed. The failure of the abstract to show the judgment entered by the trial court and appealed

from herein is, without other omissions, a fatal defect. Harris v. Annunzio, 411 Ill 124, 126, 127, 103 NE2d 477 (1952); Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 126, 186 NE2d 100 (1st Dist 1962).

Because of the failure of the plaintiff to comply with the Rules of court, which were adopted to facilitate the work of the court and which have the force of law, we are compelled to dismiss the appeal. In re Estate of Meirink, supra.

Appeal dismissed.

ABRAHAMSON, P. J. and MORAN, J., concur.