(No. 42366.—)

BEULAH B. MICHELS, Appellant, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(CITY OF ALBION, Appellee.)

*Opinion filed March 24, 1970.*

J. C. SHUMAKER, of Olney, for appellant.

KEEFE and DE PAULI, of East St. Louis, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Edwards County affirmed an order of the Industrial Commission which had denied an award sought by the claimant, Mrs. Beulah B. Michels, against the City of Albion on account of the death of her husband. The claimant has appealed directly to this court pursuant to Rule 302. Ill. Rev. Stat. 1967, ch. 110A, par. 302.

The judgment of the circuit court was entered on February 6, 1969. The claimant filed her notice of appeal on February 26, 1969. Thereafter, on March 21, 1969, her attorney moved for an extension of the time within which to file the report of proceedings, and for leave to file the

*praecipe* for record "for the reason that illness of the petitioner-appellant's attorney has resulted in his being unable to attend to the affairs of his legal practice for several days following the filing of the notice of appeal herein; * * *." No notice of this motion was given to the respondent, but the motion was allowed. On March 21, 1969, an order was entered granting leave to file the *praecipe* within five days, and extending the time for filing the report of proceedings to May 1, 1969. Thereafter, on March 26, 1969, the *praecipe* for record was filed. On April 2, 1969, the respondent moved to strike the *praecipe;* on April 14 the motion to strike was amended, and on May 8, 1969, it was allowed by the circuit court.

The only issue presently before us is the correctness of the order which struck the *praecipe*. Rule 322 of the Rules of this court provides that the *praecipe* for record shall be filed with the clerk of the trial court "[w]ithin 14 days after filing the notice of appeal." (Ill. Rev. Stat. 1967, ch. 110A, par. 322.) The *praecipe* was not filed within the time thus prescribed. The petitioner, however, relies upon Rule 183 which provides: "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." Ill. Rev. Stat. 1967, ch. 110A, par. 183.

The issue involved in this appeal centers upon the proper application of these two rules in the circumstances of this case. The petitioner did not give the respondent notice of her motion for an extension of time for filing the *praecipe* for record, as is contemplated by Rule 183. That motion, however, which was verified, stated that the extension of time was requested because of the illness of the claimant's attorney during the period following the filing of the notice of appeal. That statement has not been controverted. On the

other hand, the respondent has made no showing of any prejudice or inconvenience whatsoever by reason of the extension of time which was initially allowed by the circuit court. See *People ex rel. Hamer* v. *Jones,* 39 Ill.2d 360, 371 ; *Commissioners of Drainage District* v. *Arnold,* 383 Ill. 498, 503.

Only the notice of appeal is jurisdictional, and that was filed in due time. On this record, the net effect of the order allowing the respondent's motion to strike the *praecipe* for record was to punish the claimant for the illness of her attorney and to delay unnecessarily the disposition of the case on the merits. That order of the circuit court of Edwards County is vacated, and jurisdiction of the cause is retained in this court. The time for filing the record, abstracts and briefs will be fixed upon application to a justice of this court.

*Order vacated; jurisdiction retained.*