EMMELINE P. ROYER, Plaintiff-Appellee, v. LARRY BEDWELL, Defendant-Appellant.

Third District   No. 76-258

Opinion filed April 15, 1977.

John H. Bisbee, of Macomb, for appellant.

No appearance for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Emmeline Royer, commenced this action in the small claims division of the circuit court of McDonough County seeking to recover rentals from the defendant, Larry Bedwell. After a bench trial, judgment was entered in favor of the plaintiff and the defendant has appealed.

■■ We observe the defendant is the only party filing a brief in this court. However, from the circumstances described in the brief and nature of the issues presented on this appeal, we have decided that the issues should be considered on their merits.

Prior to the time this case was set for trial as a contested case in the small claims division of the circuit court, the defendant moved that the testimony to be presented be reported. Defendant requested that a court reporter be provided by the court or alternatively, some other method be provided for producing a verbatim transcript of the testimony. This motion was renewed prior to trial and denied by the trial court.

The principle assignment of error presented on this appeal is the defendant's contention the trial court erred in declining to provide a method for reporting the proceedings.

■■ We are in accord with defendant's initial premise that there is only one trial court of record and that is the circuit court. (See Ill. Rev. Stat. 1975, ch. 110, par. 1.) The circuit court consists of all of its divisions or departments including the small claims division and there can be no doubt that the small claims division is just as much a court of record as any other part of the circuit court.

> "A court of record is that where the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony: which rolls are called the records of the court, and are of such high and supereminent authority that their truth is not to be called in question." (3 Blackstone, Commentaries 24 (Lewis ed. 1897).)

We generally agree with the foregoing definition, but believe the definition is of no assistance to the defendant's position asserted on this appeal. The definition does not include any requirement that testimony be transcribed or preserved and indeed we are not aware of any method for the verbatim recording of testimony during the period referred to by Blackstone. The emphasis on memorializing proceedings is to assure that the significant aspects of the trial are reduced to writing for the benefit of the litigants and posterity. Such a purpose is adequately served without regard to the perpetuation of the details of the testimony underlying the written records of the proceeding.

> "Every final judgment of a circuit court in a civil case is appealable as of right. * * * An appeal is a continuation of the proceeding. (Ill. Rev. Stat. 1975, ch. 110A, par. 301.)

If a review relates to errors involving evidence, some means of presenting such evidence in a court of review is necessary. A verbatim transcript of the testimony would of course be a basis for presenting such errors to a court of review, however, it is not the only means of doing so. Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)) provides an alternative method of presenting evidence to a reviewing court by what is commonly known as a "bystander's report." Notwithstanding the defendant's contention that such a method does not present a basis for a meaningful review, this procedure has been approved by our supreme court in *People v. Hopping*, 60 Ill. 2d 246, 326 N.E.2d 395. We believe the bystander's report does furnish an adequate basis for seeking review. Although the legislature or court rules could provide or require recording of testimony in a small claims case, failure to do so is consistent with the reduced formalities required by the small claim procedure.

■■ What we have heretofore said also disposes of the defendant's contention that the failure to provide the means of reporting the testimony deprives him of due process in contravention of federal and state constitutional provisions. Defendant's reliance on *Prudential Insurance Co. v. Small Claims Court* (1946), 76 Cal. App. 2d 379, 173 P.2d 38, 167 A.L.R. 820, is misplaced since it does not even deal with the issue of reporting testimony.

■■ Lastly, defendant argues that the form of the judgment is improper because inadequate to form a basis for review. Section 50(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(1) provides in part:

"The court shall determine the rights of the parties and grant to any party any affirmative relief to which he may be entitled on the pleadings and proofs. Judgments and decrees shall be in the form required by the nature of the case and by the recovery or relief awarded."

By analogy to Rule 52(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 52 (a)), the defendant insists that a judgment must include findings of fact and conclusions of law. This contention is without citation to any Illinois authority and we are aware of none establishing such requirements. The provision of our statute does not specifically or by necessary implication include such requirements and we hold that findings of fact and conclusions of law are not required.

For the foregoing reasons the judgment of the circuit court of McDonough County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.