644

JOSEPH HALL, Plaintiff-Appellant, *v.* GEORGE TURNEY, d/b/a Old Homestead Tavern, Defendant-Appellee.—(ANNIE MOIS, Trustee, *et al.*, Defendants.)

First District (5th Division)    No. 76-56

Opinion filed December 30, 1977.

Sheldon A. Harris, of Chicago, for appellant.

Geubeje & Schrader, of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought action against defendants under the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135) for injuries sustained in the Old Homestead Tavern. At trial all defendants except appellee, George

Turney, were dismissed, and the jury found for Turney. Judgment was entered upon the jury's verdict and plaintiff filed a post-trial motion. The court below denied this motion in an order dated October 7, 1975. Plaintiff then initiated the instant appeal by filing a notice of appeal from this order on October 14, 1975. Because of the nature of our disposition of this appeal, the procedural history of the case before us will be considered at length and a review of the evidence and plaintiff's contentions on appeal is unnecessary.

OPINION

I

Supreme Court Rule 323(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(b)) provides that a report of proceedings shall be certified and filed in the trial court within 49 days after the filing of the notice of appeal. In the case at bar notice of appeal was filed on October 14, 1975. Hence, under the foregoing rule, plaintiff had to file the report of proceedings in the trial court prior to December 3, 1975. However, Supreme Court Rule 323(e) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(e)) provides that any judge of either the trial or reviewing court may extend the time for filing the report of proceedings:

> "* * * on motion made within the time provided by this rule or any extension thereof. The extensions of time granted in the trial court for filing the report of proceedings shall not aggregate more than 42 days in addition to the 49 days allowed by this rule. Further extensions of time may be granted only by the reviewing court or a judge thereof on motion made *before* the expiration of the original or extended time, or on motion filed *within* 35 days thereafter * * *." (Emphasis added.)

Plaintiff did not file a motion for an extension of time in the court below. Nevertheless, under this rule plaintiff could have filed such a motion with this court either: (1) before the expiration of the original 49 days, that is, prior to December 3, 1975; or (2) within 35 days after the expiration of the original time on December 2, 1975, that is, prior to January 7, 1976. No such motion was filed with this court prior to January 7, 1976. However, on January 14, 1976, plaintiff filed a motion in this court in which he requested an extension of time for filing the "complete Record on Appeal, including transcript." That motion was granted over defendant's objection on January 30, 1976, and it gave plaintiff a 45-day extension. The report of proceedings was filed in the court below on February 25, 1976.

■■ Supreme Court Rule 323 has the force of law and is binding upon both the court and the litigant. (See *In re Estate of Meirink* (1957), 11 Ill.

2d 561, 564, 144 N.E.2d 591; *Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 369 N.E.2d 201; *Nicaisse v. Plemmons* (1976), 37 Ill. App. 3d 85, 86, 345 N.E.2d 224; *Shive v. Shive* (1970), 130 Ill. App. 2d 811, 812, 263 N.E.2d 713.) Plaintiff's motion in this court was neither made before the expiration of the original time nor filed within 35 days thereafter. Consequently, plaintiff's motion to this court on January 14, 1976, was not timely and under Supreme Court Rule 323 our subsequent action on the motion was ineffective to grant an extension of time for filing the report of proceedings. See *Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 1031-32, 369 N.E.2d 201; *cf. In re Estate of Meirink* (1957), 11 Ill. 2d 561, 563, 144 N.E.2d 591.

## II

Supreme Court Rule 326 (Ill. Rev. Stat. 1975, ch. 110A, par. 326) requires the filing of the record on appeal in the reviewing court within 63 days after the filing of the notice of·appeal or, if the time for filing a report of proceedings has been extended, within 14 days after the expiration of the extended time. Plaintiff filed the notice of appeal on October 14, 1975. It follows that the foregoing rule required filing of the record on appeal in this court prior to December 17, 1975, unless the time for filing the report of proceedings had been extended. No valid extension of time within which to file the report of proceedings was obtained in the instant case. Hence, it would appear that under Supreme Court Rule 326 the record on appeal should have been filed in this court prior to December 17, 1975. It was not filed in this court until February 27, 1976. However this rule also contains a 35-day "safety valve" provision under which this court may grant a motion for an extension of time for filing the record on appeal which is supported by a showing of *reasonable excuse* for failure to file earlier and which is filed in this court within 35 days after the expiration of the original 63 days. As we have indicated, plaintiff filed a motion in this court on January 14, 1976, and this filing was within the 35-day "safety valve" period. This motion was *styled* a motion pursuant to Supreme Court Rule 326 and requested, at the outset, an additional 45 days within which to file the "Record on Appeal." In this motion the affiant, plaintiff's counsel, stated that he did not previously file the *record on appeal* because plaintiff was unable to pay the cost of preparation of the *report of proceedings.*The affiant explained that while plaintiff's financial condition was the sole reason for the failure to previously file a *record on appeal*, it had improved to the point where plaintiff was now able to pay for the *report of proceedings*. The prayer at the end of the motion was for an additional 45 days within which to file the "complete Record on Appeal, including transcript."

On January 14, 1976, plaintiff also filed in this court a short record which

contained the order appealed from, the notice of appeal and other portions of the common law record.

In written objections to the January 14 motion defendant pointed out that two praecipes for record were filed in the case at bar. The first was filed on October 14, 1975, the same day on which the notice of appeal was filed. In this praecipe, plaintiff asked the clerk of the court below to prepare "a transcript of record for appeal" including "all pleadings, motions, orders, half sheet and any and all other documents contained in the original court file, or copies thereof." On January 16, 1976, plaintiff, *without leave of court*, filed an "Amended Praecipe For Record" in the court below. In this praecipe plaintiff asked the clerk to include "in addition to the items contained in the original Praecipe for Record, the transcript of proceedings." Defendant maintained: (1) that the original praecipe did not request that the report of proceedings be included in the record on appeal; (2) that the second praecipe was not timely filed under Supreme Court Rule 322 (Ill. Rev. Stat. 1975, ch. 110A, par. 322); and (3) since it was not timely filed and was not filed with leave of court, the second praecipe was not properly filed on January 16, 1976. Defendant also argued that the January 14, 1976, motion to this court, which purported to be a motion under Supreme Court Rule 326 requesting an extension of time within which to file the record on appeal, was actually a motion under Supreme Court Rule 323 for an extension of time within which to file a report of proceedings. Defendant requested that the motion be denied because of lack of compliance with Supreme Court Rule 323 and plaintiff's failure to properly request that the report of proceedings be made a part of the record on appeal.

A

We agree with defendant that the original praecipe did not request that the report of proceedings be included in the record on appeal. Supreme Court Rule 322 explains that a praecipe is a statement designating the parts of the trial court record which the party filing the statement decides to have incorporated in the record on appeal. Supreme Court Rule 321 (Ill. Rev. Stat. 1975, ch. 110A, par. 321) states that the record on appeal shall consist of the judgment appealed from, the notice of appeal and the other parts of the trial court record designated in the praecipe. This rule also explains that the trial court record consists of both the report of proceedings and the common law record. The report of proceedings consists of testimony, oral rulings of the trial judge, matters upon which these rulings were made and other proceedings which the party submitting the report desires to have incorporated in the record on appeal. (See *Husted v. Thompson-Hayward Chemical Co.* (1965), 62 Ill. App. 2d 287, 210 N.E.2d 614.) The common law record consists of other

papers which are certified by the clerk of the trial court. (See *Husted*, 62 Ill. App. 2d 287, 294, 210 N.E.2d 614.) It seems to us that plaintiff, in his first praecipe, asked the clerk of the court below to prepare a copy of a record for appeal consisting of only the common law record portion of the trial court record, and the request in his second praecipe reinforces our conclusion that the report of proceedings portion of the trial court record was not designated in the first praecipe.

### B

We also agree that the second praecipe was not properly filed. It was not timely filed and was not filed with leave of court. If plaintiff had obtained leave of court to file the second praecipe, it is probable that we would find no reason to censure his actions. (See *Michels v. Industrial Com.* (1970), 45 Ill. 2d 111, 256 N.E.2d 806.) By not obtaining leave of court before filing the second praecipe on January 16, 1976, however, plaintiff's actions again indicate a disregard of proper appellate practice.

### C

■■ We further agree that the January 14 motion was a motion made pursuant to Supreme Court Rule 323 which was camouflaged as a motion under Supreme Court Rule 326. Although the motion was styled a motion pursuant to Supreme Court Rule 326, the excuse given therein for failure to file the record on appeal earlier involved only plaintiff's inability to pay for a stenographic transcript of the report of proceedings. Also the prayer at the end of the motion spoke to the record on appeal "including transcript." A short record was filed in this court on the same day that the motion was filed. The second praecipe, filed on January 16, spoke to only the "transcript of proceedings." Furthermore, after his motion was granted on January 30, 1976, plaintiff requested a hearing before the trial judge who presided at the jury trial below for the purpose of having him certify the report of proceedings. On February 25, 1976, the judge found that plaintiff had not timely presented the report for certification and filing pursuant to Supreme Court Rule 323. Nonetheless, after looking at the January 30, 1976, order of this court, the judge found that the report could be certified under our order and proceeded to certify the report of proceedings. From these facts and events it seems clear that the January 14 motion was in fact a motion made pursuant to Supreme Court Rule 323 for an extension of time to file the report of proceedings which was disguised as a motion relating to the entire record on appeal. Since this motion was not timely filed under Supreme Court Rule 323, our subsequent action on it was ineffective and no proper extension of time for filing the report of proceedings was given.

### III

■■■ We note with interest that Supreme Court Rules 323 and 326 contain virtually identical "safety valve" provisions. Each requires that a motion made pursuant to the provision be supported by a showing of reasonable excuse for failure to file the motion earlier. Plaintiff's excuse in the motion in question involved only his inability to pay for a stenographic transcript of the report of proceedings. For several reasons we have doubts as to whether this excuse is a "reasonable" one. For example, even if plaintiff was unable to pay for a stenographic transcript of the report of proceedings, this does not explain why he did not take advantage of the options presented in Supreme Court Rules 323(c) and (d) (Ill. Rev. Stat. 1975, ch. 110A, pars. 323(c) and (d)). Under Rule 323(d), the parties by written stipulation may agree upon a statement of facts material to the controversy and file it in lieu of a report of proceedings. Under Rule 323(c), the appellant may prepare what is commonly known as a "bystander's report" from the best available sources, including recollection, if no verbatim transcript is obtainable. This court has recently stated that compliance with Supreme Court Rule 323 is not an onerous burden for a small claims appellant because the rule provides for the filing of these inexpensive, acceptable substitutes for a verbatim report of proceedings. (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 721, 365 N.E.2d 115.) If this rule is not an onerous burden for a small claims appellant, it certainly is not an onerous burden for plaintiff in the case at bar. Plaintiff did not attempt to satisfy this burden through either a stipulated report of proceedings or a bystander's report of proceedings. Additionally, in another recent small claims case the appellant apparently knew prior to trial that he would be unable, or unwilling, to pay for a stenographic transcript of testimony, and he consequently requested that the court provide a court reporter. His motion was denied by the trial court. On appeal, he contended that the court erred in denying the motion. This court indicated that a bystander's report would have been an adequate substitute for a verbatim transcript of testimony and affirmed. (See *Royer v. Bedwell* (1977), 47 Ill. App.3d 331, 361 N.E.2d 1190.) Finally, in yet another recent case an insolvent appellant was granted leave to appeal *in forma pauperis* and the court stressed the point that she did not file a bystander's report of proceedings in reaching its decision to dismiss the appeal. (*Petrauskas v. Kipnis* (1976), 43 Ill. App.3d 730, 357 N.E.2d 170.) Thus, in the context of civil cases it seems that where a verbatim transcript is not obtainable because of appellant's inability to pay for it, a bystander's report of proceedings could, and should, be substituted. Of course, if plaintiff's inability to pay for a stenographic transcript of the report of proceedings is not a reasonable excuse for noncompliance with Supreme Court Rule

323, and since this rule and Supreme Court Rule 326 have virtually identical "safety valve" provisions, it could be argued that this excuse would not be a "reasonable" excuse under the latter rule for failure to timely file a record on appeal. Given the foregoing it would follow that regardless of whether we regard the January 14 motion as a Rule 323 motion or a Rule 326 motion, the excuse given in the motion was not a reasonable one and our subsequent action on the motion was ineffective to grant an extension of time.

## IV

Even if the January 14 motion was treated as a motion pursuant to Supreme Court Rule 326, however, it is obvious to us that its only purpose was to gain additional time in which to file the report of proceedings and thereby circumvent Supreme Court Rule 323. No limit is placed upon the number of times a litigant can seek and be granted extensions of time by this court under Supreme Court Rule 323(e). The motions for extensions need only be timely made, unless they come under the "safety valve" clause, and then the only additional requirement is a showing of reasonable excuse. (See *Renfield Importers, Ltd. v. Modern Liquors, Inc.* (1973), 55 Ill. 2d 546, 548, 304 N.E.2d 626.) Given the excuse that he could not immediately afford the cost of a verbatim report of proceedings and presuming that for some reason he did not want to attempt the preparation of a bystander's report or a stipulated report, we still do not understand why plaintiff did not take advantage of this flexible rule. If we did not condemn the use of Supreme Court Rule 326 for the purpose of filing a report of proceedings where Supreme Court Rule 323 has not been complied with, we would in effect encourage both bench and bar to ignore the latter rule and thereby take a giant step toward depriving Supreme Court Rule 323 of legal force. (*Cf. In re Estate of Meirink* (1957), 11 Ill. 2d 561, 563-64, 144 N.E.2d 591.) While the court in *Ray v. Winter* (1976), 39 Ill. App. 3d 567, 350 N.E.2d 331, overlooked this point, we are not prepared to take such a step.

Since the report of proceedings is not properly before us and the issues appellant raises on appeal cannot be considered without examining the report of proceedings, there are no issues raised which can be properly reviewed by this court. See *Lukas v. Lukas* (1942), 381 Ill. 429, 45 N.E.2d 869; *Hambley v. Conroy* (1956), 11 Ill. App. 2d 568, 138 N.E.2d 64.

For the foregoing reasons, the order of the Circuit Court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.