2023 IL App (1st) 221008-U

THIRD DIVISION
December 13, 2023

No. 1-22-1008

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHRISTOPHER SCHMIDT, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17 M1 109837 |
| | ) | |
| FRANCISCO ARTEAGA and SUZANNE ARTEAGA, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Martin P. Moltz and |
| (FRANCISCO ARTEAGA, Defendant-Appellant; | ) | Maire A. Dempsey, |
| SUZANNE ARTEAGA, Defendant-Appellee). | ) | Judges Presiding. |

_____

JUSTICE R. VAN TINE delivered the judgment of the court.
Justice Lampkin concurred in the judgment.
Presiding Justice Reyes specially concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We decline to reach the merits of this appeal because appellant filed the record over six months late, in serious violation of Supreme Court Rule 326 (eff. July 1, 2017). We dismiss the appeal.

¶ 2      Christopher Schmidt sued his landlords, Francisco Arteaga and Suzanne Arteaga, alleging they violated the Chicago Residential Landlord and Tenant Ordinance (Chicago Municipal Code § 5-12-110(e) (amended Nov. 6, 1991)) (RLTO), the Security Deposit Return Act (765 ILCS 710/1 (West 2016)) (SDRA), and multiple warranties of habitability. After years of litigation and innumerable delays caused primarily by Francisco and his lawyer, Schmidt ultimately prevailed on his SDRA claim and warranty of habitability claims. The circuit court entered a default judgment awarding damages for these claims, as well as attorney fees. Francisco appeals that judgment, arguing, among others, that the circuit court erred in entering a default judgment against him. Because of Francisco's extraordinary, unexcused delay in filing the record on appeal, we do not reach the merits of his arguments, and we dismiss his appeal.

¶ 3                                   BACKGROUND

¶ 4      At the outset, we note Francisco's numerous mistakes from the inception of this lawsuit through the appeal, including many missed court appearances and deadlines, as well as serious deficiencies in his opening brief.[1] First and foremost, Francisco filed the notice of appeal in this court on July 8, 2022, but did not file the record on appeal until March 13, 2023. This is a serious violation of Supreme Court Rule 326 (eff. July 1, 2017), which requires appellants to file the record on appeal "within 63 days after the filing of the notice of appeal ***." Second, Francisco has failed to include a "Nature of the Case" section in his brief, as required by Supreme Court Rule 341(h)(2) (eff. Oct. 1, 2020). Our supreme court rules are "not mere suggestions." *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010) (citing *People v. Houston*, 226 Ill. 2d 135, 152 (2007)). Our rules have the force of law and must be construed the same as statutes. *Houston*, 226 Ill. 2d at 152. Third, the

---

[1] Francisco's missed court appearances and deadlines are detailed in Schmidt's response brief, and are summarized below.

brief is rife with typographical errors. Fourth, there are sentences in the brief that simply do not make sense, including the first paragraph of the "Factual Background" section of his brief. These deficiencies are particularly vexing given that "[a] reviewing court is entitled to have briefs submitted that present an organized and cohesive legal argument in accordance with the Supreme Court Rules." *Twardowski v. Holiday Hosp. Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (citing *In re Marriage of Souleles,* 111 Ill. App. 3d 865, 869 (1982)). It is incumbent on Fransisco's counsel, Calvita Frederick, to remedy such defects in any future filings.

¶ 5 Schmidt, however, has provided us with a brief that enables us to decipher the facts of this protracted litigation germane to this appeal.[2]

¶ 6 On August 1, 2012, Francisco and Suzanne leased an apartment to Schmidt at the rate of $900 per month. Schmidt paid them a security deposit of $1350 (150% of the monthly rental amount). The parties renewed the lease multiple times over the next several years. During that time, Schmidt notified Francisco about numerous defects in the apartment, but, according to Schmidt, Francisco did not remedy them at all, or did so with considerable delays.

¶ 7 On March 28, 2017, Schmidt filed a ten-count complaint against Francisco and Suzanne, alleging violations under the RLTO (Chicago Municipal Code § 5-12-110(e) (amended Nov. 6, 1991)), which provides various substantive and remedial procedures governing the landlord-tenant relationship, and the SDRA (765 ILCS 710/1 (West 2016)), which generally requires the landlord to return the security deposit to the tenant within 30 days of the tenant vacating the rented premises. In support thereof, Schmidt alleged the following. Between 2013 and 2016, he reported numerous unit defects to his landlords. Schmidt complained of a hole in the wall that the landlords did not

---

[2] We commend Schmidt's counsel in the well-drafted brief that sets forth all the facts of this complicated appeal in a clear and orderly fashion.

repair for eight months, which decreased the fair rental value of the unit by $250 per month for those eight months. He notified his landlords of damage to his bathroom ceiling caused by water leaking from above, but the landlords did not repair it, which decreased the fair rental value of the unit by $100 per month for 38 months. Schmidt requested the landlords to repair a defective shower, but they refused. In June 2016, he presented the landlords a sub-tenant, but they refused to consent to the sub-tenancy. Schmidt vacated the unit on June 30, 2016. On July 7, 2016, Schmidt terminated his lease pursuant to section 5-12-170 of the Chicago Municipal Code, which provides that a tenant may terminate a rental agreement by written notice if a landlord violates the RLTO. The landlords did not return Schmidt's security deposit.

¶ 8    Nearly seven months later, after missing the responsive pleading deadline and failing to appear in court on status, Francisco, without leave of court, filed a motion to dismiss. Francisco missed the next appearance as well, but did appear at the one thereafter, at which he requested the court to grant him an additional 21 days to amend his motion to dismiss. The court granted the request. Again, Francisco missed the deadline. Eventually, the court set a briefing deadline on Francisco's original motion to dismiss. Four days after his reply was due, he faxed an amended motion to dismiss to Schmidt. Francisco failed to appear at the next hearing, and the court continued the matter to another day. The day before the new hearing, Francisco, again without leave of court, filed a new version of the motion to dismiss. At that hearing, the court continued the new motion to dismiss. At the next hearing, a new attorney appeared for Francisco. The new attorney requested leave of court to withdraw the motion to dismiss and instead file a motion for summary judgment as the "responsive pleading." The court granted this request.

¶ 9    The next day, the new attorney moved the court to withdraw as counsel. A couple weeks later, the court granted this motion, granted leave for Frederick to substitute her appearance for the

new attorney, and struck the briefing and hearing schedule for summary judgment. A couple weeks thereafter, Francisco appeared and requested 28 days to answer or otherwise plead. The court granted this request. Francisco, again, missed this deadline, but the court, on its own accord, granted him yet another extension. He missed the deadline of that extension. He filed his responsive pleading the day before the next court date. The court did not strike the pleadings and instead allowed Francisco to proceed, ordering Schmidt to answer the counterclaim and reply to the affirmative defenses.

¶ 10    Over the next several months, Francisco failed to comply with discovery requests. Eventually, he submitted his discovery responses. Shortly thereafter, Francisco indicated that he wished to proceed on the motion for summary judgment that he had filed earlier, and filed a new motion for summary judgment, arguing: (1) the RLTO did not apply because of the "owner occupancy" exception; and (2) the SDRA did not require him to return the deposit because Schmidt still owed him rent money. The court held that the RLTO did not apply because Francisco also lived in the apartment complex where Schmidt's unit was located; that is, the "owner occupancy" exception applied. However, the court allowed Schmidt to proceed on the SDRA claim.

¶ 11    On January 23, 2020, Schmidt amended his complaint to add two counts alleging warranty of habitability breaches. Count XI was based on Francisco's failure to repair a hole in the wall, and Count XII was premised on Francisco's failure to repair the damaged bathroom ceiling. The court ordered Francisco to respond by February 20, 2020, but Francisco neither responded nor requested additional time to respond by that date. The court also ordered Francisco to complete his deposition by March 25, 2020, but he failed to do that as well. Based on Francisco's failure to respond to Schmidt's complaint, Schmidt filed a motion for default judgment. According to Schmidt, that hearing was canceled due to the pandemic.

¶ 12    During the subsequent 12 months, Schmidt attempted to schedule a Zoom deposition of Francisco, but Francisco refused. Though the court was closed because of the pandemic, the orders the circuit court issued explicitly mandated the parties to continue with discovery.

¶ 13    At the August 21, 2020 court date, Schmidt requested the court to hold Francisco in default because he still had not responded to the amended complaint. At that point, six months had passed since Francisco's response was due. Attorney Frederick claimed she had been unable to contact Francisco. The court declined to hold Francisco in default, and continued the motion for default to September 10, 2020, to allow Frederick to attempt to contact Francisco. About an hour before the hearing, Francisco filed a response to the motion for default claiming he had been in Mexico the entire time Frederick tried to contact him, had become ill in February 2020, and had also lost his phone. The court set a briefing and hearing schedule on the motion for default.

¶ 14    On February 26, 2021, Francisco finally sat for his deposition. He failed to bring any of the documents he was required to produce, including his passports. Though Francisco had previously submitted affidavits claiming that Chicago was his residence, he now testified that he could not remember whether he resided primarily in Mexico or in Chicago during the time relevant to this litigation. When asked whether the passports he failed to bring may have entry/exit stamps that show where Francisco was and when, he responded that he had given these passports to Frederick in 2018. This contradicted his earlier discovery responses indicating that he had "surrendered" those passports.

¶ 15    On November 3, 2021, the court set an in-person trial for March 21, 2022. Schmidt served Francisco a Rule 237 notice requiring him to attend trial.[3] Two days before the trial was to

---

[3] Supreme Court Rule 237 (eff. Oct. 1, 2021) is the mechanism by which witnesses are compelled to appear at trial.

commence, Frederick emailed Schmidt's counsel to advise him that she was "on work restriction and [could not] come for the trial." She did not indicate whether Francisco would appear at trial, nor whether another lawyer would represent Francisco. Frederick did not ask Schmidt for an agreement for a continuation, nor did she file a motion to continue the trial.

¶ 16     On the day of the trial, neither Francisco nor Frederick appeared. The court proceeded with the trial in their absence. The circuit court entered an order of default judgment against Francisco in the amount of $81,470.50 ($9850 in damages and $72,097.50 in attorney fees) and also awarded costs to Schmidt. The $9850 in damages consisted of the following: $4050 for violations of the SDRA ($1350 deposit plus $2700); $2000 for breach of the warranty of habitability for failing to repair the hole in the wall; and $3800 for beach of the warranty of habitability for failing to repair the bathroom ceiling. The court also dismissed Suzanne from the lawsuit without prejudice. The court noted that neither Francisco nor Frederick appeared. Francisco subsequently moved to vacate that order. On June 9, 2022, the circuit court entered an order denying his motion to vacate the March 21, 2022 order. This appeal of the March 21 and June 9 orders follows.

¶ 17     Francisco filed the notice of appeal in this court on July 8, 2022. On March 9, 2023, he moved the court to file the record on appeal *instanter*. Francisco did not ask the court for any extensions prior to the motion to file the record *instanter*. The court granted the motion on March 13, 2023, and Francisco filed the record on that day, which was more than eight months after he filed his notice of appeal in this court. On March 16, 2023, Schmidt objected to the untimely filing.[4] On March 17, 2023, the court, over Schmidt's objection, allowed its March 13, 2023 order, which allowed the late filing, to stand.

---

[4] Suzanne had been dismissed from the suit, but she joined in Schmidt's opposition to the untimely filing of the record.

¶ 18                                    ANALYSIS

¶ 19     On appeal, Francisco argues that the circuit court erred in entering an *ex parte* (default) judgment against him. Specifically, Francisco contends that the court (1) abused its discretion in denying his motion to dismiss all but the SDRA claim of Schmidt's amended complaint; (2) did not achieve "substantial justice" by denying his motion to vacate the default judgment; (3) abused its discretion in awarding Schmidt attorney fees; (4) erred in hearing matters off the record during the trial; and (5) erred in ordering Francisco to participate in discovery on issues related to the RLTO. Additionally, Francisco alleges that Schmidt somehow perpetrated fraud on the circuit court.

¶ 20     We first consider the effect of Francisco's extraordinarily late filing of the record on appeal. Fransisco filed his notice of appeal on July 8, 2022. Under Rule 326, Francisco was required to file the record within 63 days – in this case, September 9, 2022. Ill. Sup. Ct. R. 326 (eff. July 1, 2017). As mentioned above, Francisco did not seek leave to file a motion to extend the deadline.

¶ 21     On multiple occasions, this court has considered the effect of an untimely filing in situations such as the one before us, where the appellate court had allowed the appellant to file the late record. See, *e.g.*, *Hall v. Turney*, 56 Ill. App. 3d 644 (1977); *Portock v. Freeman*, 53 Ill. App. 3d 1027 (1977).

¶ 22     In *Hall*, the appellant failed to timely file a report of proceedings or to move the court for an extension of time, as allowed under Supreme Court Rule 323(b) (eff. July 1, 1971). *Hall*, 56 Ill. App. 3d at 645. The appellant filed a motion for extension seven days after the time allotted for such a motion had expired. *Id.* The court granted the untimely motion. *Id.* However, in its opinion disposing of the appeal, the court admonished that Rule 323 "has the force of law and is binding upon both the court and the litigant." *Id.* It held that because appellant's "motion in this court was

neither made before the expiration of the original time nor filed within 45 days thereafter***", the court's granting of the motion was "ineffective to grant an extension of time for filing the report of proceedings." *Id.* at 646. The court therefore did not consider the merits of appellant's argument.

¶ 23     In *Portock*, the appellant filed the report of proceedings about three months late. *Portock*, 53 Ill. App. 3d 1027, 1031. The appellant there did request an extension of time, and did receive an extension from the trial court, but did not do so within the 49-day period allotted under Rule 323(b). *Id.* The court held that because the trial court acted without authority to grant this extension, as the motion was filed outside the period allowed by the rule, the trial court's order was "void and without effect." *Id.* The record on appeal was also filed late because no valid extension was obtained for filing the report of proceedings. *Id.* The appellate court dismissed the appeal, reasoning that "[w]here compliance has not been had with Rules 323 and 326, the appropriate action is to dismiss the appeal or summarily affirm without considering the merits of the case." *Id.* Again, due to the untimely report filing, the court did not consider any of the appellant's substantive arguments in that case.

¶ 24     The present case involves a more egregious violation of our supreme court rules than in *Hall* and *Portock*. Francisco filed the notice of appeal on July 8, 2022. He did not file the record on appeal until March 13, 2023. Francisco never requested an extension of time, and he filed the record over six months late. Francisco never explained the extraordinary delay. Rather, Francisco moved this court for leave to file the record on appeal *instanter* on March 9, 2023, and the court granted the motion. However, under the precedent in *Hall* and *Portock*, this court's order was ineffective to serve as an extension to cure the extraordinary filing delay. Though the failure to timely file a record does not deprive us of jurisdiction, it is well within our discretion to decline to consider the merits of an appeal where the appellant has flagrantly violated our supreme court

rules. See, *e.g.*, *Deutsche Bank National Trust Co. v. Roongseang*, 2019 IL App (1st) 180948, ¶ 21. Accordingly, we decline to reach the merits of this appeal.

¶ 25                                        CONCLUSION

¶ 26    For these reasons, we dismiss this appeal.

¶ 27    Dismissed.

¶ 28    PRESIDING JUSTICE REYES, specially concurring:

¶ 29    I concur in the majority's decision to dismiss the instant appeal due to Francisco's lack of compliance with supreme court rules. To the extent, however, that the majority's decision provides that the orders entered by this court permitting the filing of the record *instanter* were "ineffective to serve as an extension" (*supra* ¶ 24), I must respectfully disagree.